## COLLINS v. KENTUCKY TAX COMMISSION.

Court of Appeals of Kentucky.

May 8, 1953.

Rehearing Denied Oct. 23, 1953.

Edward A. Dodd and Dodd & Dodd, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Hal O. Williams, Asst. Atty. Gen., and Roy H. Pennington, Asst. Atty. Gen., William Scent, Asst. Atty. Gen., for appellee.

COMBS, Justice.

The judgment sustains an income tax assessment made by the Kentucky Tax Commission against the taxpayer, Mrs. Christine H. Collins, individually and as executrix of the estate of her deceased husband, George C. Collins, Jr.

The facts are stipulated. The partnership of Collins & Newman, composed of Christine H. Collins, her husband, George C. Collins, Jr., and Mr. and Mrs. L. J. Newman, held 42,094 shares of common stock of the par value of $1 per share in the Cummins Distilleries Corporation at the time of its dissolution. Some of the stock had been held by the partnership longer and some less than two years. The corporation was liquidated on December 31, 1942. On that date the assets of the corporation consisted of whiskey in storage valued on the books of the corporation at $1,145,658.65. Distribution in kind was made to the stockholders in the form of warehouse receipts representing the whiskey. Some four or five days later, a committee for the stockholders sold the whiskey for $4,127,000 and, after deducting the cost of sale, made distribution to the respective stockholders according to their interest. The partnership of Collins & Newman realized a net gain of $391,673.33 from the stock held by it. Neither of the Collinses reported the gain on their 1942 tax returns. The Commission made additional assessments against them in 1946, and corrected assessments in 1948. Taxability of the proceeds from the stock held less than two years is not in issue.

The question is whether the gains realized by Mr. and Mrs. Collins from the stock held by them in the Cummins Distilleries Corporation for more than two years are taxable as income under Chapter 141, Kentucky Revised Statutes, in force in 1942.

The Commission takes the position the gain realized by the taxpayer is taxable as a dividend under KRS 141.010(3), which reads in part:

" 'Dividend' means any distribution made by a corporation out of its current earnings or profits, or out of its accumulated earnings or profits, to its shareholders or members, whether the distribution is made in cash or other property. It includes such portion of the assets of a corporation distributed at the time of dissolution as is in effect a distribution of earnings or profits, provided the distribution constitutes income to its recipient. * * * In a distribution at the time of dissolution all money or other property received that is not in effect a distribution of earnings of the corporation shall be treated under subsection (1) of KRS 141.100. * * *"

The taxpayer relies on KRS 141.100, the applicable part of which reads:

"(2) Income realized or loss sustained from the sale of property held two years or more shall be ignored in computing income for the purposes of this chapter * * *."

Other sections of Chapter 141 which have important, although not decisive, bearing on the question, are 141.020 which requires payment of tax on the taxpayer's entire net income; 141.010(9) which defines net income as gross income less deductions, not here involved, and 141.010(5) which defines gross income as including dividends.

The question in the case, stripped of nonessentials and restated in the terms of the statute, is whether the gain or profit realized by the taxpayer, by whatever name it might be called, is "Income realized

\* \* \* from the sale of property held two years or more", within the meaning of section 141.100 or is "in effect a distribution of earnings or profits" of the corporation within the meaning of KRS 141.010(3). If it falls under 141.100, it is not taxable; if it comes within 141.010(3), it is taxable. We find no inconsistency between the two sections and know of no reason why greater emphasis should be placed on one than the other, although, as pointed out by the Commission, the exemption under which the taxpayer seeks to avoid the tax has its existence only by reason of the saving clause contained in 141.010(3).

The taxpayer relies on the line of authorities, of which Sears v. Commissioner of Corporations & Taxation, 322 Mass. 446, 451, 78 N.E.2d 89, is typical, which hold that the mere increase in value of capital assets is not earning or profits. The significance of this rule becomes apparent in view of the admission, or at least the concession, that the increase in value of the whiskey distributed to the stockholders resulted solely from the foresight and acumen of the management of the Cummins Distilleries in withholding the whiskey from a climbing market during World War II. Using this as a premise, the taxpayer insists, with persuasive argument, that the distribution to the stockholders of the warehouse receipts—which is admitted to be in legal effect a distribution of the whiskey— was merely a return of capital and was not, in any sense, a liquidating dividend or distribution of earnings or profits. Considerable emphasis is placed on the fact that under bookkeeping methods, admittedly correct, no earnings or profits were reflected by the corporation's books.

The Commission's argument is based on the wording of the statute and on general authority to the effect that income includes profit gained through sale or conversion of capital assets. Eisner v. Macomber, 252 U.S. 189, 207, 40 S.Ct. 189, 64 L.Ed. 521, 529. Although admitting that mere increase in value of capital assets is not income, the Commission contends that realization of the increase is income; and that looking to realities rather than to the fiction of bookkeeping entries, the realization of the increase by the stockholders, rather than by the corporation, as such, doesn't bring the taxpayer within the exemption clause of 141.100.

■ As is true in most cases involving construction of a statute, text book authority and cases from other jurisdictions, although informational and persuasive, are not decisive. For instance, the Sears case, cited above, 322 Mass. 446, 451, 78 N.E.2d 89, which at first glance appears to be on all fours with this case, is based on a statute somewhat different from ours. As already noted, our statute subjects to a tax accumulated gain which "is in effect a distribution of earnings or profits". There is no equivalent phrase in the Massachusetts statute.

■ In the final analysis decision in the case must turn on the wording of the statute. The key phrase, to our minds, is: "It [dividend] includes such portion of the assets of a corporation distributed at the time of dissolution as is in effect a distribution of earnings or profits". It must be assumed this phrase was included in the statute for a purpose and we are not at liberty to ignore it. Furthermore, we think the words should be given their plain, ordinary, and commonly understood meaning. When this is done we are forced to the conclusion these words were included in the statute with calculated forethought to include just such a contingency as now confronts us. If the transaction in question was not "in effect a distribution of earnings or profits," we can hardly conceive of a case where this phrase would be applicable. It seems to us the weakness in the taxpaper's reasoning lies in the failure to account satisfactorily for the source of the profit admittedly realized. This profit did not result from legerdemain or sleight of hand. It has a definite economic source. As we see it, that source has to be either the earnings or profits of the corporation, or the increase in value of the whiskey warehouse receipts during the few days they were held by the stockholders. If either of these alternatives is correct, the gain to the taxpayer is taxable income. It cannot be said with any

degree of logic that the holding of the whiskey by the corporation for more than two years was in legal effect a holding by the individual stockholders. The stockholders did not hold the whiskey as such. They held stock certificates which entitled them, among other things, to a certain percentage of the earnings and profits of the corporation. But the holding of the stock was not legally equivalent to a holding of the whiskey. It may be conceded that so long as the whiskey was held by the corporation, with no markup on its books, the increased value of the whiskey was not taxable as earnings or profits of the corporation. But when the corporation, instead of making a bookkeeping entry on its own books prior to dissolution, thereby showing a profit payable as a liquidating dividend, transferred this increased value, or gain, to its stockholders, it was "in effect a distribution of earnings or profits" of the corporation within the contemplation of the statute.

It is familiar law that it is the duty of courts to look to the substance rather than to the form of a transaction, and the rule applies with equal force to matters of taxation. 47 C.J.S., Internal Revenue, § 135, p. 264; Morgan v. Wisconsin Tax Commission, 195 Wis. 405, 217 N. W. 407, 218 N.W. 810. It is also true that there is no legal prohibition against a taxpayer using legitimate methods to avoid taxation. Trinity Temple Charities, Inc., v. City of Louisville, 300 Ky. 172, 188 S.W.2d 91. But any attempt at evasion of taxes will be closely scrutinized, and if the taxpayer's ingenuity fails at any point the courts should not resolve the doubt in his favor. Morsman v. Commissioner of Internal Revenue, 8 Cir., 90 F.2d 18, 113 A.L.R. 441. In some cases the line between avoidance and evasion is a very narrow one. That is true here. But it seems to us, in view of the wording of 141.010(3), that to accept the taxpayer's theory in this case would be in effect to condone an evasion rather than an avoidance.

We think our conclusions are supported, at least in principle, by Reeves v. Turner, 289 Ky. 426, 158 S.W.2d 978, 980. In that case the East Cairo Ferry Company purchased assets used in its business in the year 1929 and sold them in 1936 at a net profit of around $36,000. Subsequently the corporation was dissolved and a liquidating dividend was paid. The Turners received, in round figures, $22,000 on stock that cost $6,000. In holding that the profit to the stockholder was taxable it was said:

"Nor can the power of the Legislature be denied to define that accumulated profits, when distributed in the way of a liquidating dividend, shall be income when received by a stockholder. * * * The taxable event is the receipt by the stockholder of the liquidating dividend even though some of it represented enhanced value to the corporation before the adoption of the income tax act."

It is true that in the Turner case the corporation sold its assets before liquidation and distributed to its stockholders the proceeds of the sale, whereas here distribution was made of property in kind. But the effect to the stockholder was the same, and amounted for all practical purposes, in both cases, to a distribution of earnings or profits of the corporation. The Legislature has said if it is this in effect, the gain to the stockholder is taxable income.

The case has been ably briefed on both sides and considerable space has been given to a discussion of the words "in effect" as they appear in 141.010(3). The sentence in which the words appear has been parsed in one brief and diagrammed in another. Counsel for the Commission maintain that "in effect" is an adverbial phrase, modifying the verb "is," while counsel for the taxpayer contend the words are a prepositional phrase, used as an adverb, and relate to the predicate nominative word "distribution." We are willing to concede the academic merit of each hypothesis. But rather than get involved in a subject which the writer never really understood, we choose to exercise our judicial prerogative to dodge the issue and take refuge behind the cliche that all the words of the statute must be given

their plain, ordinary, and commonly understood meaning.

.There is some suggestion in the brief for the taxpayer that unless this transaction is' treated as a gain from the sale of property held for two years or more under 141.100, then that section would not· be applicable in any case on dissolution of a corporation: If that is counsel's contention, they are in error. In many cases what would be "in effect earnings or profits" of the corporation would not be income to the taxpayer. Conversely, what might be income to a stockholder would not necessarily be earnings or profits of the corporation. We will use the example given in the Commission's brief: Y buys for $800 one share of stock of the par value of $1000. He receives $1500 of assets on dissolution. He has received a gain of $700. Of this amount $500 is taxable under 141.010(3) as being "in effect a distribution of earnings or profits". The remaining $200 would fall under 141.100.. If the stock has been held more than two years the $200 is not taxable; if held less than two years it is taxable.

The taxpayer also relies on the 3-year statute of limitation. The tax returns were filed on April 15, 1943 and the· additional assessments were not made until August 15, 1946, more than three years later. The applicable statute, KRS 141.210, fixes the period of limitation for making an additional assessment in the usual case at 3 years, but also provides that "in the case of failure to file a return or of a fraudulent [or incomplete] return the excess may be assessed at any time". The gain received by Mr. and Mrs. Collins from the Cummins Distilleries was not reported on their tax returns. We held in Old Lewis Hunter Distillery v. Kentucky Tax Commission, 302 Ky. 68, 193 S.W.2d 464, that such a return is incomplete. Mrs. Collins' response is that both the partnership return of Collins and Newman and an informational report made by the Cummins Distilleries showed the transaction in question and the Commission therefore had the required notice. We think that in order to set the statute of limitation in motion the taxpayer's return must be complete in itself without reference to the returns of others. It follows that the 3-year 'statute of limitation is not applicable.

We are of the opinion the trial court properly sustained the additional assessments. The judgment is affirmed.

STEWART, MOREMEN and MILLIKEN, JJ., dissenting.