**CITY OF COVINGTON, Kentucky, et al., Appellants,**

v.

**BOARD OF COMMISSIONERS OF KENTON COUNTY WATER DISTRICT NO. I, etc., Appellee.**

Court of Appeals of Kentucky.

June 21, 1963.

As Modified on Denial of Rehearing Oct. 4, 1963.

Louis Cox, James Honaker, Frankfort, John B. Breckinridge, Atty. Gen., Frankfort, J. Gardner Ashcraft, Asst. Atty. Gen., Frankfort, for appellants.

Grafton, Ferguson & Fleischer, Cornelius W. Grafton, Louisville, G. Wayne Bridges, Covington, for appellee.

WADDILL, Commissioner.

This is an appeal from a judgment of the Franklin Circuit Court setting aside an order of the Public Service Commission (hereinafter called "Commission") which dismissed an application filed by the Board of Commissioners of Kenton County Water District #1 (hereinafter referred to as the "Water District") to obtain a certificate of public convenience and necessity.

During September, 1960, the Water District filed an application with the Commission setting forth its intention to expand its water plant and requesting either that the Commission rule a certificate of convenience and necessity is not required for this particular extension or that such a certificate be issued. The City of Covington filed a protest and was allowed to intervene in the proceeding. Following a hearing, the Commission made the following findings of fact:

"(1) That the present capacity of Kenton County Water District's plant is three million gallons per day.

"(2) That three million gallons per day is not sufficient to meet the demands of the District.

"(3) That the estimated cost of the proposed construction is $348,000, and is to be financed by the issuance of $424,000 in revenue bonds.

"(4) That the present Covington plant is capable of producing in excess of twenty million gallons per day.

"(5) That the City of Covington has surplus water available in excess of seven million gallons per day.

"(6) That there exists a stand-by connection between the City of Covington and the northern part of Kenton County Water District.

"(7) That by 1975–77 it is estimated that the Kenton County Water District No. 1, according to the present rate of growth, will require approximately six million gallons per day for its peak daily demands, and that the City of Covington is presently capable of furnishing the District with the anticipated excess demand of three million gallons per day without operating the Covington plant at its capacity. Thus, approval of the Application would result in a wasteful duplication of facilities."

After concluding that the proposed expansion was not an ordinary extension of an existing system and that a certificate of convenience and necessity was required, the Commission dismissed the application. In setting aside this order the trial judge determined that the Commission had no jurisdiction to grant or deny the application under KRS 278.020 and, even if it did, the duplication of facilities would not be wasteful since it would result in a substantial savings to the customers of the Water District.

 Appellants contend that the trial judge erred in both conclusions and that the order of the Commission was neither unreasonable nor unlawful. Turning first to the question of jurisdiction, we observe that KRS 278.020 provides in pertinent part:

"(1) No person shall begin the construction of any plant, equipment, property or facility for furnishing to the public any of the services enumerated in KRS 278.010, except ordinary extensions of existing systems in the usual course of business, until such person has obtained from the Public Service Commission a certificate that public convenience and necessity require such construction. * * *."

In determining whether the proposed expansion is an ordinary extension of an existing system in the usual course of business we need only observe that the existing plant cost approximately $1,000,000 and that the proposed doubling of its capacity will necessitate an expenditure of an additional $424,000. In our opinion the magnitude of the proposed extension shows that it is not an "ordinary" one in the contemplation of KRS 278.020. Hence, the trial court erred in determining the Commission was without jurisdiction to decide the merits of the controversy.

 We proceed now to the trial judge's alternative ruling that the Commission's order was unlawful and unreasonable in refusing to grant a certificate of convenience and necessity because the proposed expansion would be *wasteful* duplication of existing facilities of the City of Covington. As stated by the judge:

"When an administrative body such as the Public Service Commission hears evidence and makes 'Findings of Fact,' such Findings are entitled to be given great weight by the Courts and will ordinarily be sustained if they are supported by evidence of probative value, even though the Courts may feel that the preponderance of the evidence was otherwise. Accordingly, this Court accepts the Public Service Commission's 'Findings of Fact' which are set forth in the Order to which the Complaint is directed, except as to the last sentence of Finding (7), which reads: 'Thus, approval of the Application would result in a wasteful duplication of facilities.' It is argued on behalf of the City and the Public Service Commission that this is a 'finding of ultimate fact,' whereas it is argued on behalf of the District that it is a finding of fact as to duplication, coupled with a conclusion of law that the duplication is 'wasteful.' "

"Insofar as the quoted 'Finding' of the Commission establishes that there will be a duplication of facilities, it is a finding of fact, supported by evidence. Insofar as the quoted 'Finding' of the Commission undertakes to char-

acterize such duplication as 'wasteful' it is unsupported by the evidence in the record and is a Conclusion of Law, and examination into its validity is a prerogative of this Court."

"The record conclusively shows that the proposed duplication of facilities will enable the Water District to provide water service to its customers at rates lower than would be the case if the District should be required to purchase water from Covington at the only wholesale rate offered (its published rate). Under these circumstances, the proposed duplication cannot be called a 'wasteful' duplication. The fact that purchasing water from Covington might be beneficial to *Covington's* water customers is beside the point. The Water District owes no duties to the customers of Covington, and may not be required to suffer for their benefit."

We concur with the conclusion of the trial judge that under this record the Water District is entitled to the certificate of convenience and necessity which is sought by its application. While he determined the apparent duplication of facilities could not properly be considered "wasteful," it is our opinion that as a matter of law there was no cognizable duplication at all.

The word "duplication" carries a concept of exactness of kind and character. See definition in Websters New International Dictionary. One facility should constitute an adequate *substitute* for the other. See Kentucky Utilities Co. v. Public Service Commission, Ky., 252 S.W.2d 885, 890. It is evident there can be no duplication unless the existing facility is reasonably available for the present and future needs of those who will be served by it. The mere existence of a similar physical plan is not enough.

There is no assurance that the Covington water supply, assuming it to be available now, will continue to be available to the District. Nor does the Commission have authority to require the City of Covington to furnish water. See McClellan v. Louisville Water Company, Ky., 351 S.W.2d 197. Thus Covington's existing supply source is not in fact an adequate substitute for the proposed facility. Since the Commission's order was based on a finding of a duplication of facilities which could not be comparably utilized, it was unreasonable.

The judgment is reversed insofar as it holds the Commission to be without jurisdiction to consider the application, and it is affirmed insofar as it adjudges the order of the Commission to be unlawful and unreasonable, and the circuit judge will remand the case to the Commission for the issuance of the requested certificate.