**TRIMBLE COUNTY BOARD OF SUPER-VISORS, etc., Appellants,**

**v.**

**Christine MULLIKIN, Appellee.**

Court of Appeals of Kentucky.

Nov. 29, 1968.

As Modified on Denial of Rehearing
March 14, 1969.

Bobby True, Bedford, for appellants.

John M. Berry, Berry & Floyd, New Castle, for appellee.

EDWARD P. HILL, Judge.

This appeal is from a judgment upsetting an order of the Kentucky Board of Tax Appeals fixing the value of appellee's 331-acre farm at $60,000 for 1966 tax purposes and a farm of 89 acres at $3,100.

The judgment appealed from fixed the value of the large farm at $42,695 and the value of the smaller one at $1,500.

All parties agree the smaller farm should be assessed on the basis of a $1,500 valuation. The only controversy thus hinges on the valuation fixed for the larger tract.

The power of review of this tax appeal case in this court and in the trial court is clearly defined by KRS 131.370(3), which we quote:

"No new or additional evidence may be introduced in the circuit court except as to the fraud or misconduct of some person engaged in the administration of the revenue laws and affecting the order, ruling or award, but the court shall otherwise hear the cause upon the record as certified by the board and shall dispose of the cause in summary manner, its review being limited to determining whether or not:

"(a) The board acted without or in excess of its powers;

"(b) The order, decision, or award was procured by fraud;

"(c) The order, decision, or award is not in conformity to the law; and

"(d) If findings of fact are in issue, whether such findings of fact support the order, decision or award."

■ We note that subsection (d) of the statute limits review of the board's action to the question: Whether such "findings of fact support the order, decision or award"? It is possible for the board to write any "findings of fact" that whim may direct to support its order. Obviously the legislature intended to limit review of orders of the board of tax appeals on findings of fact, as in most other appeals from orders of administrative agencies, to determining whether the findings of fact are supported by substantial evidence. CR 52.-01. Board of Education of Ashland School Dist. v. Chattin, Ky., 376 S.W.2d 693; and American Beauty Homes Corp. v. Louisville etc., Ky., 379 S.W.2d 450.

■ Had the legislature failed entirely to define the scope of review of findings of fact by an administrative agency, it is inherent in the court to grant review unless review is prohibited by the Constitution or by statute (we have no such prohibition in this state) and to fix guidelines and the scope of review. See 2 Am.Jur.2d, Administrative Law, § 555, p. 362, from which we quote:

"The availability and extent of judicial review of or relief from administrative action are to a very considerable degree molded by the courts themselves, whether or not statutes attempt to define the role of the judiciary in relation to the administrative, and, in the last analysis, depend upon the court's attitude toward the fundamental issue of policy involved rather than upon legalistic rules and doctrines. Courts which recognize the growth of administrative tribunals as a necessary concomitant of the growing complexities of modern life tend to impose greater self-limitations upon their control over administrative agencies than do courts which view the administrative agencies with hostility and as an encroachment upon functions which properly belong to the judiciary; even where the standards that the court profess to apply are couched in identical language, the results flowing from the application of those standards will be different according to the court's fundamental attitude toward the position of administrative agencies in modern government.

"Courts often speak of judicial review, and especially the scope of judicial review, in terms of administrative agencies generally; often apply the same rules to different types of administrative agencies; and sometimes hold expressly that the extent of review in regard to a par-

ticular agency is the same as that in regard to another specific agency. Thus, whether arising from identity or similarity of statutes or from judicial attitudes there is a certain uniformity in regard to judicial review of administrative action generally and this uniformity is heightened by the specific review provisions of administrative procedure acts."

See also Prichett v. Marshall, Ky., 375 S. W.2d 253, at p. 257.

The tax assessor of Trimble County assessed the large farm at $64,625 and the small one at $4,200.

On appeal to the board of supervisors of Trimble County, the assessments were fixed at $60,000 and $4,200.

From thence the matter was appealed to the Kentucky Board of Tax Appeals, where the values were fixed as shown in paragraph one herein.

A fair hearing was conducted by Dudley T. Burke, member of the Kentucky Board of Tax Appeals, where Don Tandy, tax commissioner of Trimble County, testified the value of the farm was the same as in his assessment ($64,625).

Paul Mullins, a property assessment representative of the Department of Revenue, testified the market value of the large farm was $63,667. Another employee of the Department of Revenue, Carlisle Moore, testified the market value of the large farm was $64,600 for the year in question.

The appellee, Christine Mullikin, fixed a valuation of $42,695, and her farm manager testified as to values of some improvements and fixed a value on a part of the farm. But he arrived at no total value for the farm as a whole.

In a nutshell, this was the evidence before the Kentucky Board of Tax Appeals, and it is obvious the board was confronted with the task of determining a question of fact from conflicting evidence.

That it did. It is equally clear that the "findings of fact" and order of the board are fully supported by substantial, competent evidence and may not be disturbed by the trial court or by this court. Barnes v. Turner, Ky., 280 S.W.2d 185; and City of Covington v. Board of Commissioners, Ky., 371 S.W.2d 20.

Appellant complains of the action of the trial court in viewing for comparison purposes the large farm of appellee and an adjoining farm and points out that this was improper in view of the statute which states, "No new or additional evidence may be introduced in circuit court." Appellee undertakes to justify this action of the trial judge by citing cases in which chancellors have viewed premises involving land disputes and condemnation proceedings wherein by statute viewing of the land being condemned is mandatory when requested by either party. It is unnecessary to decide this question since we readily conclude that there was substantial evidence to support the order of the board.

Appellant concedes that the judgment appealed from is correct in fixing the value of the small farm at $1,500.

Appellant questions the sufficiency of appellee's petition for an appeal to the circuit court under KRS 131.370(2). We find the petition sufficient.

In its findings of fact and conclusions of law, the trial court found "from the evidence and a personal inspection of the properties" that there was "great disparity" between the values placed on appellee's large farm and those placed on the Bray farm across the highway. While this is true, it should be kept in mind the Bray farm was in a much higher state of cultivation and production than appellee's farm. A substantial part of the Bray farm was in commercial fruit and vegetable production. Admittedly the Bray land for tax purposes was valued much higher than appellee's front 98 or 100 acres, and this is as it should have been. Nevertheless there was competent evidence that appellee's back 231

acres had a market value of $4,600; that the tobacco base of 4.76 acres added a value of $20,000 to the farm. Beginning with a value of $60,000 fixed by the board, this leaves the front 100 acres with improvements at $35,400, or $354 per acre, nearly one-half the assessed value of the Bray farm.

The judgment is reversed with directions to enter judgment upholding the valuation of $60,000 on the large farm and reducing the valuation of the small farm to $1,500. Appellants shall recover their costs on this appeal.

All concur.