Nancy W. BROWN, Deceased, By and Through her Administrator William P. BROWN, III; William P. Brown, III, as Parent, Next Friend and Natural Guardian of William P. Brown, IV, a Minor, Appellants,

v.

YOUNG WOMEN'S CHRISTIAN ASSOCIATION; Home Insurance Company; and Workers Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

May 1, 1987.

Edward C. Airhart, P.S.C., Louisville, for appellants.

Michael Darnell, Louisville, for appellees.

Before CLAYTON, HAYES and WILHOIT, JJ.

HAYES, Judge:

This is a workers' compensation case in which a settlement was reached between the deceased's husband (as Administrator of decedent's estate) and the third-party tortfeasor in a wrongful death action; the issue before us is what amount of credit the employer's workers' compensation carrier is entitled in light of an agreement executed between the husband and the carrier.

On August 7, 1981, Nancy Brown died as a result of injuries sustained in an automobile accident involving a third-party tortfeasor while in the scope of her employment with YWCA (appellee). She and her husband, William Brown, III, were separated at the time of her death, and their three-year-old child was residing with her.

On December 23, 1981, an agreement was executed between Brown, individually and as administrator of Nancy's estate and as father and next friend of the child, William Brown, IV, and YWCA's workers' compensation insurer, Home Insurance Company (appellee). The agreement stated that Brown had asserted a wrongful death claim against the third-party tortfeasor, and that Brown may have a potential claim against Home Insurance Company for workers' compensation benefits in all of his beforementioned capacities. As consideration for Home Insurance Company's waiver and release of its potential claims as workers' compensation carrier against the third-party, the owner of the car he was driving, their insurance companies, and the Browns' insurance company, Brown agreed to hold harmless Home Insurance Company on any medical expenses and/or funeral expense incurred by reason of Nancy's death. It was further agreed that the total recovery of Brown under the tort claim would be $70,000 (the actual settlement was $60,000), less medical and funeral expenses. Brown further agreed that he is not a "dependent" of Nancy and would not apply for "dependency" benefits under the Workers' Com-

pensation Act. Lastly, it provided that should the child be entitled to receive workers' compensation benefits in the future, by reason of Nancy's death, *"it is specifically agreed that any such compensation benefits shall not be commenced in any degree until the full amount of money to which Home Insurance Companies are entitled under the law to take a credit against Workers' Compensation liability has been fully exhausted."*

Out of the $60,000 Brown received from the settlement with the third-party tortfeasor, $32,978.29 remained to be distributed (after deductions of legal fees, medical bills and funeral expenses) equally between Brown and the child pursuant to the wrongful death statute, KRS 411.130. This sum was received in 1981; $16,489.14 each to Brown and the child.

On February 4, 1985, the Workers' Compensation Board ruled that Home Insurance Company is entitled to a credit under KRS 342.700 for the full $70,000. On June 24, 1985, it was amended to provide a credit of $42,678.29 instead ($70,000 less the attorney fees, medical expenses, and funeral expenses). Brown argued before the circuit court that the "credit" entitled Home Insurance Company should be $16,489.14, representing the sum *the child* is entitled to under the Act, and that the credit should not include the $16,489.14 he, himself, received under the settlement, because he is not making any claim for himself under the Workers' Compensation Act.[1]

The issue we must decide, then, is: What is Home Insurance Company "entitled under *the law* to take a credit against" to carry out the meaning of the agreement?

The Board's order of June 24, 1985, modifying the February order, contains no findings other than the conclusory statement that the amount to be credited is $42,-678.29, instead of the $70,000.00 figure originally ordered in February. The circuit court ruled that there was "substantial evidence" to support the Board's findings, and affirmed the Board's order in November, 1985.

▮▮▮ It is clear from reviewing the Board's order and the court's order dismissing Brown's appeal that not only are there no findings to support the Board's determination, the court applied the wrong standard of review. The substantial evidence test pertains to questions of fact, not questions of law; the construction and effect to be given to the agreement in light of KRS 342.700 is a legal question, and erroneous application of the law by the Board and the circuit court are reviewable by this Court. *W.T. Congleton Co. v. Bradley*, 259 KY. 127, 81 S.W.2d 912 (1935). The appellees' argument that the courts not substitute their judgment for that of the Board is, therefore, inapplicable. KRS 342.285(3).

▮▮ In determining the effect to be given the agreement, our analysis must necessarily begin with the indemnity statute, KRS 342.700:

(1) *Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person that the employer a legal liability to pay damages, the injured employe may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both.* If the injured employe elects to proceed at law by civil action against such other person to recover damages, he shall give due and timely notice to the employer of the filing of such action. *If compensation is awarded under this chapter,* the employer, his insurance carrier, the special fund, and the uninsured employer's fund, or any of them, *having paid the compensation or*

---

1. Though appellees maintain that Brown has waived his argument by failure to argue this before the Board, Brown's brief to the Board, submitted in November 1984, seeking adjustment of his claim, contained the argument that the $16,489.15 figure be the credited sum, as he provided that "[a]ll benefits, consequently, are payable to the decedent's only child, William Brown IV...."

*having become liable therefore, may recover in his or its own name or that of the insured employe from the other person* in whom legal liability for damages exists, *not to exceed the indemnity paid and payable to the injured employe,* less the employe's legal fees and expense. (Emphasis ours).

This section is equally applicable to provide subrogation rights where an employer is paying death benefits to a deceased employee's statutory dependents. *Stiglitz Furnace Co. v. Stith's Adm'r.,* 234 Ky. 12, 27 S.W.2d 402 (1930).

■ It logically follows from this section that the amount of credit entitled Home Insurance Company is the amount "paid and payable" to the claimant, which is, in this case, the child *only.* In discussing the issue of double recovery, *Larson* states that the claimant should not be permitted to keep the entire amount of his compensation award and his common law damage recovery. 2A Larson, *Workers' Compensation Law,* § 71.21 (1983). See also *Davis v. Buley,* Ky.App., 634 S.W.2d 161 (1982). In death benefit situations, "it [is] the intention of the act to provide ... for the right of subrogation on the part of the employer against third persons *to the extent that the employer has become liable for compensation to a dependent* to whom the wrongdoer is also liable." *Stiglitz Furnace Co., supra,* 27 S.W.2d at 405. In our case, the amount awarded Brown is zero; there has been no double recovery, as Brown is not receiving workers' compensation death benefits. Moreover, there is nothing in the record that suggests that he would have even qualified for benefits had he applied, since he was living apart from the decedent at the time of her death. *Fuller v. Carrs Fork Coal Co.,* 280 Ky. 25, 132 S.W.2d 540 (1939); Harned, *Kentucky Workers' Compensation,* § 10.2 (1984).

■ Brown's remaining contention of error, that an amount for pain and suffering should have been deducted from the settlement in determining the amount of credit entitled Home Insurance Company, was not argued before the Board and, as such, is unpreserved for review.

Accordingly, the judgment of the circuit court, affirming the order of the Workers' Compensation Board and dismissing Brown's appeal, is reversed with directions to remand the cause to the Board for entry of an award in conformance with this opinion.

All concur.