EPSILON TRADING COMPANY,
INC., Appellant,

v.

REVENUE CABINET, Commonwealth
of Kentucky, Appellee.

No. 88–CA–1212–MR.

Court of Appeals of Kentucky.

June 30, 1989.

Case Ordered Published by Court of
Appeals Sept. 8, 1989.

Thomas A. Brown, Greenebaum, Doll & McDonald, Louisville, Helene Z. Cohen, Alston & Bird, and D. Michael Keen, and Kelly S. Jennings, Delta Air Lines, Inc., Atlanta, Ga., for appellant.

Douglas M. Dowell, Revenue Cabinet, Frankfort, for appellee.

Before HOWERTON, C.J., and CLAYTON and REYNOLDS, JJ.

REYNOLDS, Judge.

Franklin Circuit Court, by judgment, reversed the Kentucky Board of Tax Appeals' decision which held certain sales of aviation jet fuel by appellant were exempt from the Kentucky state sales tax. Taxpayer appeals.

Appellant, Epsilon Trading Company, Inc. (Epsilon), is a Delaware corporation qualified to do business in Kentucky and is a wholly owned subsidiary of Delta Air Lines, Inc. (Delta). The company is engaged in the purchase and sale of aviation jet fuel and related products and services to Delta and other airlines.

Following an audit for the period from December 1, 1983 through June 30, 1984, the Revenue Cabinet (Cabinet) assessed Epsilon a sales tax deficiency in the amount of $432,319.55 for certain sales of aviation fuel made by it to Delta via bills of lading. Epsilon appealed this assessment to the Kentucky Board of Tax Appeals and contended that the sales were exempt under KRS 139.470(5) which grants an exemption from sales tax for property sold to a common carrier which is shipped by a bill of lading and is used by the carrier in the operation of its business outside of Kentucky. The Board held Epsilon was entitled to an exemption under KRS 139.470(5).

Appellant first contends that the circuit court erred by exceeding the proper standard of review of the Board of Tax Appeals' decision and by improperly substituting its own factual findings for those of the Board and that the findings and conclusions of the Board were based on substantial evidence and were in conformity with the law. We do not agree.

■ The power of review of this appeal is clearly defined by KRS 131.370(3):

No new or additional evidence may be introduced in the circuit court except as to the fraud or misconduct of some person engaged in the administration of the revenue laws and affecting the order, ruling or award, but the court shall otherwise hear the cause upon the record as certified by the board and shall dispose of the cause in summary manner, its review being limited to determining whether or not:

(a) The board acted without or in excess of its powers;

(b) The order, decision, or award was procured by fraud;

(c) The order, decision, or award is not in conformity to the law; and

(d) If findings of fact are in issue, whether such findings of fact support the order, decision or award.

Subsection (d) of the statute limits review of the board's action to the question: Whether such "findings of fact support the order, decision, or award?" Under this provision, the legislature intended to limit review of orders of the board of tax appeals on findings of fact, as in most appeals from orders of administrative agencies, to determining whether the findings of fact are supported by substantial evidence. CR 52.01. *Trimble County Board of Supervisors v. Mullikin*, Ky., 438 S.W.2d 524 (1969). It is well settled that a reviewing court may not substitute its judgment for that of an administrative board as a finder of fact. *Paramount Foods, Inc. v. Burkhardt*, Ky., 695 S.W.2d 418 (1985). However, the substantial evidence test pertains only to questions of fact, not to questions of law. *Brown v. Y.W.C.A.*, Ky.App., 729 S.W.2d 190 (1987).

■■■ An erroneous application of the law by an administrative board or by the circuit court is clearly reviewable by this Court. Also, where an administrative body has misapplied the legal effect of the facts, courts are not bound to accept the legal conclusions of the administrative body. *Commonwealth, Department of Highways v. Cardwell*, Ky., 409 S.W.2d 304 (1966). Therefore, the role of judicial review of a decision by the Kentucky Board of Tax Appeals is that of determining the propriety of "questions of law." *Revenue Cabinet v. Moors Resort, Inc.*, Ky.App., 675 S.W.2d 859 (1984). Whether a decision or action of the Board is unreasonable, arbitrary and capricious, for the reason it is not based upon substantial evidence, is one of law. *See Board of Education v. Chattin*, Ky., 376 S.W.2d 693 (1964).

■■■ Herein the parties disagree on the applicable standard of review to be followed by the circuit court. The appellant asserts that the trial court should have examined the findings and conclusions of the Board merely to determine whether they were supported by substantial evidence. Appellee meanwhile, argues that since the evidentiary facts of this case were undisputed and the question or issue presented concerned an interpretation and application of the law, the Board's decision was fully reviewable on appeal to the circuit court and thus, was not subject to the clearly erroneous or substantial evidence rule.

We agree with appellee's argument and conclude that the resolution of this appeal centered around the construction and application to be given to KRS 139.470(5) in light of the undisputed factual circumstances presented in this case. We hold that the appeal to the circuit court involved a question of law and as such, the Board's order was fully reviewable and was not subject to the substantial evidence rule. The circuit court was not bound to accept the legal conclusions of the Board and it did not err in the standard of review.

Next, appellant contends that both it and Delta have fully complied with the requirements of KRS 139.470(5) and therefore, are entitled to the statutory sales tax exemption. We do not agree.

■■■ KRS 139.470(5), which allows for certain exemptions from Kentucky sales tax, provides as follows:

There are excluded from the computation of the amount of taxes imposed by this chapter:

(5) Gross receipts from sales of tangible personal property to a common carrier, shipped by the seller via the purchasing carrier under a bill of lading, whether the freight is paid in advance or the shipment is made freight charges collect, to a point outside this state and the property is actually transported to the out-of-state destination for use by the carrier in the

conduct of its business as a common carrier.

This statute has several elements that must be met in order for a particular sales transaction to qualify for a tax exemption. The sale must be of tangible personal property, to a common carrier, shipped by the seller via the purchasing carrier, under a bill of lading, to a point outside this state, and the property must be actually transported to the out-of-state destination for use by the carrier in the conduct of its business as a common carrier. The burden is upon the party claiming an exemption to demonstrate their entitlement to the exemption and that they have met all the statutory requirements. KRS 139.260; *Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet,* Ky., 689 S.W.2d 14 (1985).

■ In considering the requirements of KRS 139.470(5), we find that the parties seemed to agree that the aviation fuel in question herein was tangible personal property and that Delta Air Lines was a common carrier. However, we do not believe the third requirement, that the property (aviation fuel) be shipped by the seller via the purchasing carrier, has been met. Here, Delta took title and delivery or possession of the fuel in Kentucky. Under these circumstances, it received the fuel from Epsilon in its capacity as a purchaser in Kentucky. The statutory exemption is predicated upon the idea that delivery of the property will in fact take place outside the state borders. Therefore, we conclude that Delta and Epsilon have not met the exemption requirement that the property be shipped "by the seller," when, in this case, the seller (Epsilon) had already relinquished dominion and control over the fuel by making delivery of it to Delta in this state. The place of delivery is dispositive of the claim of exemption in this case.

■ Turning to other statutory requirements, we further find that the purchases of fuel were shipped under a bill of lading and that they were shipped to a point outside the state. However, the parties have not met the last requirement, that the property be "actually transported" to an out-of-state destination "for use by the carrier in the conduct of its business as a common carrier." The fuel here was placed directly in use by Delta in this state for the operation of its aircraft. It was not cargo or freight being shipped for out-of-state use. Rather, the aircraft fuel was already in use before it reached the out-of-state destination. Thus, the last requirement of the statutory exemption was not met. Delta and Epsilon are not entitled to the statutory sales tax exemption due to the fact that they have not fully complied with all requirements of KRS 139.470(5).

■ In reading this conclusion, we note that exemptions from taxation are generally disfavored and all doubts are resolved against an exemption. *Delta Air Lines, Inc. v. Commonwealth, Revenue Cabinet,* Ky., 689 S.W.2d 14 (1985). The law favors equality, uniformity and impartiality in taxation. 3 Sutherland, *Statutory Construction,* § 66.09, at 207 (4th ed., 1974). Kentucky has followed this principle in *Kentucky, Department of Revenue v. Bomar,* Ky., 486 S.W.2d 532 (1972).

Lastly, appellant attempts to persuade us to follow and apply California case law and administrative regulations in interpreting our sales tax exemption statute, since our statute was, in part, patterned after California law. Thus, it asserts that Kentucky should adopt the construction and application that California has placed on its exemption statute.

■ In construing a statute, text book authority and cases from other jurisdictions, although informational and persuasive, are not decisive. *Collins v. Kentucky Tax Commission,* Ky., 261 S.W.2d 303 (1953). Although our legislature may adopt a statute which is identical or very similar to one in another state, we are not necessarily required to adopt the construction and application placed on the statute in the foreign jurisdiction. We decline to

adopt the construction placed on the California exemption statute by its court in reaching a decision herein.

The judgment of Franklin Circuit Court is affirmed.

HOWERTON, J., concurs.

CLAYTON, J., dissents.

CLAYTON, Judge, dissenting:

I respectfully dissent and would reverse the judgment of the Franklin Circuit Court based on the reasoning of the Kentucky Board of Tax Appeals found in its findings of fact, conclusions of law and order.