RENDERED: JUNE 2, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0490-MR

BRANDON BLAIR                                             APPELLANT

| | |
|---|---|
| v. | APPEAL FROM JOHNSON CIRCUIT COURT<br>HONORABLE JOHN DAVID PRESTON, JUDGE<br>ACTION NO. 20-CR-00206 |

COMMONWEALTH OF KENTUCKY                         APPELLEE

AND

NO. 2021-CA-0535-MR

BRANDON BLAIR                                             APPELLANT

| | |
|---|---|
| v. | APPEAL FROM JOHNSON CIRCUIT COURT<br>HONORABLE JOHN DAVID PRESTON, JUDGE<br>ACTION NO. 20-CR-00204 |

COMMONWEALTH OF KENTUCKY                         APPELLEE

AND

NO. 2021-CA-0536-MR

BRANDON BLAIR                                                        APPELLANT


v.
APPEAL FROM JOHNSON CIRCUIT COURT
HONORABLE JOHN DAVID PRESTON, JUDGE
ACTION NO. 20-CR-00205


COMMONWEALTH OF KENTUCKY                                            APPELLEE

AND


NO. 2021-CA-0537-MR

BRANDON BLAIR                                                        APPELLANT


v.
APPEAL FROM JOHNSON CIRCUIT COURT
HONORABLE JOHN DAVID PRESTON, JUDGE
ACTION NO. 20-CR-00207


COMMONWEALTH OF KENTUCKY                                            APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE:  Brandon Blair ("Blair") appeals from four separate judgments of the Johnson Circuit Court convicting him of four counts of first-degree bail jumping and sentencing him to ten years' imprisonment.[1]  In what appears to be an issue of first impression in Kentucky, Blair argues his multiple bail jumping convictions due to one missed court appearance violate double jeopardy.  The Kentucky Association of Criminal Defense Lawyers ("KACDL") has filed an *amicus curiae* brief in support of Blair's position.  For the reasons below, we hold the unit of prosecution for bail jumping is each charge for which a defendant fails to appear, not the number of missed court appearances.  Therefore, we affirm.

On September 5, 2020, Blair was scheduled to appear in court on five related felony drug trafficking indictments.[2]  When he failed to do so, Blair was indicted for five counts of first-degree bail jumping in separate indictments corresponding to the five underlying drug trafficking cases.  Blair moved to dismiss four of the indictments, arguing his multiple bail jumping charges for one missed court appearance violate double jeopardy.  The trial court denied the

---

[1] Blair was convicted of five counts of bail jumping in five separate cases, one count in each case.  Blair appealed from the judgments in Johnson Circuit Court case numbers 20-CR-00204, 20-CR-00205, 20-CR-00206, and 20-CR-00207.  Blair did not appeal from the judgment in 20-CR-00203.

[2] Johnson Circuit Court case nos. 19-CR-00225 through 19-CR-00229.  The facts of these underlying cases are unclear because the case records were not included on appeal.

motion and Blair entered conditional guilty pleas preserving his right to appeal the double jeopardy issue. Blair was convicted on five counts of first-degree bail jumping and sentenced to ten years' imprisonment. Blair appealed four of the five convictions.

Blair argues his multiple bail jumping convictions based upon a single missed court appearance violate double jeopardy, specifically, KRS[3] 505.020(1)(c). While Blair did not make this statutory argument below, "under our longstanding rule, double jeopardy questions may be reviewed on appeal, even if they were not presented to the trial court." *Terry v. Commonwealth*, 253 S.W.3d 466, 470 (Ky. 2007). Further, we review issues related to violations of double jeopardy *de novo*. *See Watkins v. Kassulke*, 90 F.3d 138, 141 (6th Cir. 1996).

"Generally, the prohibition against double jeopardy . . . prohibits multiple punishments for the same offense." *McNeil v. Commonwealth*, 468 S.W.3d 858, 866 (Ky. 2015) (citation omitted). "With respect to multiple punishments, however, the effect of the double jeopardy clauses is limited, do[ing] no more than prevent[ing] the sentencing court from prescribing greater punishment than the legislature intended." *Id.* (internal quotation marks and citation omitted). "A court's task, then, when determining the permissibility of

---

[3] Kentucky Revised Statutes.

imposing multiple punishments for a single transaction or course of conduct is simply to determine the legislature's intent." *Id.* at 866-67 (citation omitted).

KRS 505.020 sets forth the General Assembly's intent regarding multiple punishments. "KRS 505.020 . . . bars conviction for multiple offenses arising from a single course of conduct when the offense is designed to prohibit a continuing course of conduct, as opposed to prohibiting separate and distinct offenses." *Early v. Commonwealth*, 470 S.W.3d 729, 737-38 (Ky. 2015) (citing KRS 505.020(1)(c)). "Under this provision, whether separate and distinct offenses arise from a particular course of conduct depends on how a legislature has defined the allowable unit of prosecution." *Id.* at 738 (internal quotation marks and citation omitted).

Blair argues the unit of prosecution for bail jumping is each missed court appearance, observing the statute punishes a defendant who is released "upon condition that he will subsequently appear at a specified time and place" and then "fails to appear at that time and place." KRS 520.070(1). He also points to the statute's commentary which notes bail jumping provisions are "designed to compel a defendant's attendance following his conditional release from custody[.]" KRS 520.070 (1974 cmt.).

The Commonwealth, meanwhile, argues the unit of prosecution is each underlying charge for which a defendant fails to appear. It contends the act

being punished is not simply the failure to appear at a specified time and place, but failing to appear "in connection with a charge of having committed a felony[.]" It notes the statutory language "when[] having been released from custody by court order" and argues that Blair was released from custody on five separate orders in five felony cases and that each failure to appear is a separate violation because Blair was obligated to appear before the court in each underlying case.[4] KRS 520.070(1).

Blair responds the phrase "in connection with a charge of having committed a felony" merely functions to establish the degree of the offense, first or second, and notes the second-degree bail jumping statute, KRS 520.080, uses the same language but substitutes misdemeanor for felony. At a minimum, Blair argues, the statute is ambiguous as to the unit of prosecution and the rule of lenity requires that any ambiguity be resolved in his favor. The KACDL contends the clause "when having been released from custody by court order" is merely a predicate circumstance to the proscribed conduct: intentional failure to appear.[5]

---

[4] The Commonwealth's appellate brief, while acknowledging the statutory language "in connection with a charge of having committed a felony," relies more upon the phrase "when having been released from custody by court order" to argue the unit of prosecution for bail jumping is failure to appear pursuant to a particular court order, tied to a particular felony offense. As explained below, we hold the unit of prosecution is each charge for which a defendant fails to appear. While related, the Commonwealth's focus is on the failure to appear pursuant to each court order rather than each charge.

[5] The Kentucky Association of Criminal Defense Lawyers' *amicus curiae* brief primarily responds to the Commonwealth's argument that the unit of prosecution for bail jumping is failure

Turning to our analysis, whether Blair's conduct in failing to appear was a single offense or multiple offenses "depends on how the statute defines the offense and the unit of prosecution intended by the legislature as reflected in the plain language of the statute." *Williams v. Commonwealth*, 178 S.W.3d 491, 495 (Ky. 2005). The statute in question provides:

> A person is guilty of bail jumping in the first degree when, having been released from custody by court order, with or without bail, *upon condition that he will subsequently appear at a specified time and place in connection with a charge of having committed a felony*, he intentionally fails to appear at that time and place.

KRS 520.070(1) (emphasis added).

The plain language of the statute clearly indicates that the unit of prosecution for first-degree bail jumping is each felony charge for which a defendant fails to appear. The act being punished is not simply the failure to appear, but the failure to appear to answer *a specific charge.* The legislature specifically chose the terms "a" charge and "a" felony, indicating that each felony charge could serve as the basis for a first-degree bail jumping conviction. If the legislature only wanted to punish the act of failing to appear, it could have said, for example, "in connection with *one or more* charges of having committed a felony."

___

to appear pursuant to a particular court order. Because our holding relies upon different statutory language, we decline to address this argument specifically.

*See Early*, 470 S.W.3d at 738-39 (noting that when the legislature intends to bar a continuing course of conduct, it specifies certain acts or quantities that may be included in a singular crime, such as KRS 218A.1412, stipulating specific quantities "or more," and "any quantity").

While Blair argues the unit of prosecution is each missed court appearance, this interpretation of the statute would lead to incongruous results. For example, a defendant who had both a felony and a misdemeanor case scheduled for court on the same day and missed their court appearance could be convicted of two counts of bail jumping, one first-degree under KRS 520.070 and one second-degree under KRS 520.080, but a defendant who had two felony cases could only be convicted of one count of bail jumping. "A statute should not be interpreted so as to bring about an absurd or unreasonable result." *Kentucky Indus. Util. Customers, Inc. v. Kentucky Utilities Co.*, 983 S.W.2d 493, 500 (Ky. 1998).

In support of his interpretation, Blair cites several cases from other jurisdictions which hold that multiple convictions for a single missed court appearance violate double jeopardy. *See Lennon v. United States*, 736 A.2d 208 (D.C. 1999); *Bristow v. Oklahoma*, 905 P.2d 815 (Okla. Crim. App. 1995); *McGee v. Florida*, 438 So. 2d 127 (Fla. Dist. Ct. App. 1983). However, other courts' interpretations of similar statutes are at best persuasive authority and not binding on this Court. *See Epsilon Trading Co. v. Revenue Cabinet*, 775 S.W.2d 937, 941

(Ky. App. 1989). Further, the bail jumping statutes in those cases differ from Kentucky's in potentially significant ways.[6]

We are more persuaded by the reasoning in *Connecticut v. Garvin*, 682 A.2d 562, 565 (Conn. App. Ct. 1996), *aff'd,* 699 A.2d 921 (Conn. 1997),[7] cited by the Commonwealth. In *Garvin*, the Appellate Court of Connecticut held that a defendant's two convictions for first-degree bail jumping based upon one missed court appearance did not violate double jeopardy. Connecticut's bail jumping statute is substantially similar to Kentucky's. It provides in relevant part:

> A person is guilty of failure to appear in the first degree when (1) while charged with the commission of a felony and while out on bail or released under other procedure of law, such person wilfully fails to appear when legally called according to the terms of such person's bail bond or promise to appear . . . .

CONN. GEN. STAT. ANN. § 53a-172 (West, Westlaw through 2022 Sess.).

Interpreting the above language, the Connecticut Court of Appeals held the unit of prosecution for bail jumping under the statute was each specific charge for which a defendant failed to appear. The Court noted that, pursuant to

---

[6] For example, Kentucky has separate statutes for felony and misdemeanor bail jumping, while a single statute in *Lennon* and *McGee* covered both. Further, the statutes in *Lennon* and *McGee* were structured differently, with structure specifically influencing the *Lennon* Court's interpretation of its statute. *See Lennon*, 736 A.2d at 210 (distinguishing between the statute's first clause setting forth the essence of the offense and the ensuing penalty provisions).

[7] On discretionary review, the Supreme Court of Connecticut affirmed the Appellate Court on different grounds. Nonetheless, we are persuaded by the analysis and logic of the Appellate Court's opinion.

the statute, bail jumping requires proof of an underlying crime and pointed to the language, "while charged with a commission of a felony," as evidence of the legislature's intent to punish individuals who willfully fail "to appear in court to answer to *a specific criminal charge*[.]" *Garvin*, 682 A.2d at 566. The Court also looked to the state's two bail jumping statutes, one felony and one misdemeanor, as further evidence that had the legislature "merely intended to punish the act of failure to appear, it would not have created separate statutes and imposed different penalties for those individuals refusing to appear for a felony as opposed to a misdemeanor." *Id.*

Kentucky also has separate felony and misdemeanor bail jumping statutes, lending support to our interpretation that the legislature's intended unit of prosecution for bail jumping is each specific charge for which a defendant fails to appear, not the mere failure to appear itself. If the legislature had only wanted to punish the act of failing to appear, without regard to the underlying charge, it would not have created separate statutes with separate penalties for felony and misdemeanor bail jumping. There would be one statute with one punishment. "We presume that the General Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and for it to harmonize with related statutes." *Shawnee Telecom Res., Inc. v. Brown*, 354 S.W.3d 542, 551 (Ky. 2011) (citation omitted).

Because the legislature's intended unit of prosecution for bail jumping is each charge for which a defendant fails to appear, Blair's conviction for five counts of first-degree bail jumping based upon five underlying felony charges in five separate cases did not violate double jeopardy. Therefore, the judgments of the Johnson Circuit Court are affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Ryan D. Mosley
Prestonsburg, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Kristin L. Condor
Assistant Attorney General
Frankfort, Kentucky

BRIEF OF *AMICUS CURIAE* FOR KACDL:

J. David Niehaus
Louisville, Kentucky

Bradley Clark
Union, Kentucky