Delmon E. CASEY, Plaintiff,

v.

ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant.

Robert D. WALKER, Plaintiff,

v.

ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant.

Civ. Nos. 86–0178–P(J), 86–0263–P(J).

United States District Court, W.D. Kentucky, Paducah Division.

June 22, 1988.

John D. Roven, Michael Kaplan, Jones & Granger, Houston, Tex., for plaintiffs.

William P. Gavin, Gundlach, Lee, Eggmann, Boyle & Roessler, Belleville, Ill., for defendant.

## MEMORANDUM AND ORDER

FOREMAN, District Judge:[1]

This matter is before the Court on plaintiff's Motion to Compel Settlement (Document No. 18 in Case No. 86–0178–P(J) and Document No. 19 in Case No. 86–0263–P(J)). There is no question concerning any terms of the oral settlement agreements reached in these matters except for defendant's demand, apparently made at the time of execution of the written agreements, that these two plaintiffs release their respective claims against Johns-Mansville Corporation. Thus, the sole issue to be decided by the Court is whether the ICG is bound to the instant oral agreements absent the plaintiffs releasing Johns-Mansville.

### Discussion

As a threshold matter, the Court notes that it sits in these cases, by designation of the Chief Justice of the United States, as a district judge of the United States District Court for the Western District of Kentucky. Accordingly, the law of Sixth Circuit applies.

It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them. A federal court possesses this power even if that agreement has not been reduced to writing. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir.1988). (citations omitted). However, before enforcing settlement, the district court must conclude that agreement has been reached on all material terms. *Brock v. Scheuner*, supra, *id.* (cit-

---

1. The Honorable James L. Foreman, Chief Judge of the United States District Court for the Southern District of Illinois, sits in these cases by designation.

ing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir.1983)). Furthermore, questions regarding the enforceability or validity of such agreements are determined by federal law—at least where the substantive rights and liabilities of the parties derive from federal law. *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984) (citations omitted). As for burden of proof considerations, one who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted. *Callen v. Pennsylvania Railroad Co.*, 332 U.S. 625, 630, 68 S.Ct. 296, 298, 92 L.Ed. 242 (1948). Here, because these cases were brought under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, the Court finds that federal law is applicable and that general common law contract principles apply.

█ It appears from the record that the parties reached a consensus as to all material terms of an oral agreement to settle these two lawsuits. In fact, counsel for the defendant has represented to the Court that the cases are "settled" and that the ICG stands ready to pay the plaintiffs except for their refusal to sign a release which includes Johns-Mansville, Inc. It also appears from the record that the ICG's requirement of releasing Mansville was the exception and not the rule in their prior settlements with plaintiffs who were Kentucky residents *even* if they had worked a short time in Illinois.

As to the agreement *sub judice,* counsel for these plaintiffs states in his sworn affidavit that the subject of releasing Johns-Mansville was never mentioned during the negotiations between himself and the ICG's claims representative and this assertion is not contraverted by the ICG's representative's later affidavit. As previously stated, it appears from the record that only in isolated instances did the ICG require a release of Mansville, and then a separate consideration for that release was paid.

Upon the facts before it in the record, the Court concludes that an agreement was reached on all material terms between the parties in these two cases, and that the ICG's claims representative made a unilateral mistake in assuming the agreement reached contemplated these two plaintiffs' release of Mansville. Thus, the Court must next decide whether the ICG may avoid the contract.

█ In cases such as these where federal law, not state, is applicable, the Court is to seek the appropriate federal rule in the usual sources—the best-reasoned decisions in the general common law development of the subject. *Gamewell Mfg., Inc. v. HVAC Supply Inc.*, 715 F.2d 112 (4th Cir.1983). Applying this axiom to the case at bar, the Court finds the *Restatement (Second) of Contracts* supplies the best articulated enunciation of federal contract law regarding unilateral mistakes. Section 153 of the *Restatement* states:

> Where a mistake of one party at the time a contract was made as to a basic assumption on which he made the contract has a material effect on the agreed exchange of performances that is adverse to him, the contract is voidable by him if he does not bear the risk of mistake under the rule stated in § 154, and
>
> > (a) the effect of the mistake is such that enforcement of the contract would be unconscionable, or
> >
> > (b) the other party had reason to know of the mistake or his fault caused the mistake.

*Restatement (Second) of Contracts,* § 153 (1981). *Followed in, Gamewell Mfg. Inc.,* supra, *Chicago Litho Plate Graining v. Allstate Can Co.*, 838 F.2d 927, 931 (7th Cir.1988). Section 154 of the *Restatement* provides:

A party bears the risk of a mistake when

> (a) the risk is allocated to him by agreement of the parties, or
>
> (b) he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, or
>
> (c) the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so.

*Restatement (Second) of Contracts*, § 154 (1981).

Here, the Court concludes that the ICG does not bear the risk of mistake under the circumstances appearing from the record, therefore, its decision is governed by the application of § 153. When the ICG's claims representative made the assumption that the subject releases would include Johns-Manville, he clearly made a mistake as to a basic assumption which has a material effect on the agreed exchange of performances that is adverse to him—namely, the ICG, under Illinois law, would lose their right to contribution from Johns-Manville for any exposure to asbestos that these plaintiffs received at the ICG's Illinois facilities. That being the case, and the Court having previously found that the railroad does not bear the risk of mistake, resolution of this matter turns on the application of § 153(a) or (b) of the *Restatement.*

Subsection (a) allows a party to void an otherwise valid contract if the effect of the mistake is such that enforcement would be unconscionable, while subsection (b) allows avoidance where the other party had reason to know of the mistake or his fault caused the mistake. In the instant case, because the ICG knew the consequences of failing to bargain for the Mansville release and yet did not mention it in negotiations, the Court finds that it would not be unconscionable to enforce the contracts in question. This conclusion is further buttressed by the fact that a relatively small sum of money is involved in the extinguished contribution claims. Furthermore, the Court finds that the railroad's mistake was not caused by the plaintiffs' counsel and that plaintiffs' counsel had no reason to know of the mistake given the past dealings of the parties as they appear from the record. For these reasons, this Court holds that under the circumstances present here, the ICG may not avoid the two oral agreements they entered. Accordingly, plaintiff's Motion to Compel Settlement (Document No. 18 in Case No. 86–0178–P(J) and Document No. 19 in Case No. 86–0263–P(J)) is hereby GRANTED.

IT IS, THEREFORE, ORDERED that the defendant ICG pay to plaintiff Delmon E. Casey the sum of $50,000.00, together with interest pursuant to 28 U.S.C. § 1961 at the rate of 7.59 percent from March 1, 1988, until same is paid, upon Casey's execution of a "standard Kentucky release" (i.e. without the release of Johns-Manville, Inc.), and

IT IS FURTHER ORDERED that the defendant ICG pay to plaintiff Robert D. Walker the sum of $47,500.00, together with interest pursuant to 28 U.S.C. § 1961 at the rate of 7.59 percent from March 1, 1988, until same is paid, upon Walker's execution of a "standard Kentucky release" (i.e. without the release of Johns-Mansville, Inc.).

IT IS SO ORDERED.