RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1535-MR

STACY STRADER, IN HIS
CAPACITY AS ADMINISTRATOR
OF THE ESTATE OF DELBERT
LEROY PETERSON, JR., DECEASED                    APPELLANT


|              | APPEAL FROM TODD CIRCUIT COURT |
|--------------|---------------------------------|
| v.           | HONORABLE JOE W. HENDRICKS, JR., JUDGE |
|              | ACTION NO. 18-CI-00094 |


KATHRYN PETERSON
CARTWRIGHT, IN HER CAPACITY
AS ADMINISTRATOR CTA OF THE
ESTATE OF KRISTINE A.
PETERSON AND KATHRYN
PETERSON CARTWRIGHT, IN HER
CAPACITY AS SUCCESSOR
TRUSTEE OF THE KRISTINE A.
PETERSON TRUST DATED 02-02-80                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, MCNEILL, AND K. THOMPSON, JUDGES.

MCNEILL, JUDGE:  This case involves a dispute between estate/trust representatives.  Appellant is Stacy Strader, in his capacity as personal representative of the estate of Delbert Leroy Peterson, Jr.  Appellee is Kathryn Peterson Cartwright, in her capacity as Administrator CTA of the Estate of Kristine A. Peterson and as Successor Trustee of the Kristine A. Peterson Trust.  Various aspects related to this case have been litigated in several fora, including state and federal courts.  The underlying facts are mostly immaterial for purposes of the present appeal.

During a settlement conference on February 21, 2020, the parties reached an oral agreement on the record in Todd Circuit Court (hereafter referred to as the "Oral Agreement").  Appellant subsequently requested modifications to that agreement.  After some of the requested modifications were made, a "Final Agreement," was memorialized in writing and sent to Appellant's counsel on July 8, 2020.  After Appellant failed to respond, Appellee filed a motion to enforce the Final Agreement, which was granted by the circuit court.  The court specifically found that the terms of the Final Agreement were reflective of the terms agreed upon by the parties in the Oral Agreement.  Accordingly, the circuit court ordered Strader to execute the Final Agreement and that failure to do so would result in the Final Agreement being deemed executed.  Appellant appealed to this Court as a matter of right.  For the following reasons, we affirm the circuit court.

-2-

## ANALYSIS

Because "[s]ettlement agreements are a type of contract and therefore are governed by contract law, we begin with the observation that, under contract law, an oral contract is ordinarily no less binding than one reduced to writing." *Frear v. P.T.A. Industries, Inc.*, 103 S.W.3d 99, 105 (Ky. 2003) (internal quotation marks and citations omitted). *See also Dohrman v. Sullivan*, 220 S.W.2d 973, 975 (Ky. 1949):

> Where all the substantial terms of a contract have been agreed on and there is nothing left for future settlement, the fact alone that the parties contemplated execution of a formal instrument as a convenient memorial or definitive record of the agreement does not leave the transaction incomplete and without binding force in the absence of a positive agreement that it should not be binding until so executed.

(Citation omitted.) In a case enforcing a settlement agreement, this Court has previously summarized additional relevant law as follows:

> We may reverse a trial court's findings of fact only if they are clearly erroneous or unsupported by sufficient evidence. CR 52.01, CR 52.03; *General Motors Corp. v. Herald*, Ky., 833 S.W.2d 804 (1992). We review a circuit court's conclusions for errors of law. *Brown v. Y.W.C.A.*, Ky.App., 729 S.W.2d 190 (1987). Kentucky courts encourage the settlement of civil actions by compromise. *Lincoln-Income Life Ins. Co. v. Kraus*, 279 Ky. 842, 132 S.W.2d 318 (1939). . . .
>
> . . . .

> . . . The party attacking a settlement "must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or by a mutual mistake under which both parties acted." *Casey v. Illinois Central Gulf Railroad Co*., 687 F.Supp. 1112, 1114 (W.D. Ky. 1988) (citation omitted). *See also Creson v. Carmody*, 310 Ky. 861, 222 S.W.2d 935 (1949), which held that the unilateral mistake of one party does not provide grounds for rescinding a settlement agreement unless some sort of deception or misleading were involved.

*Franklin & Leonhardt Excavating Co., Inc. v. Regional Airport Authority of Louisville and Jefferson County*, No. 2002-CA-000470-MR, 2003 WL 1227938, at *2-3 (Ky. App. Jan. 31, 2003).

In the present case, Appellant does not assert that the Oral Agreement was invalid, incomplete, or otherwise legally infirm. Critically, Appellant has not cited to any authority or evidence of record that would require this Court to look beyond the terms of the Oral Agreement, or that would otherwise negate the circuit court's judgment enforcing the Final Agreement. Rather, Appellant's argument is mostly confined to unsupported statements that the Final Agreement is not adequately reflective of the Oral Agreement. Since Appellant has not satisfied his burden here, we affirm.

ALL CONCUR.

-4-

BRIEFS FOR APPELLANT:

Mark A. Gilbert
Hopkinsville, Kentucky

BRIEF FOR APPELLEE:

Thomas B. Russell
Joshua R. Denton
Nashville, Tennessee