# Old Lewis Hunter Distillery Co. v. Kentucky Tax Commission et al.

Nov. 9, 1945.

Oldham Clarke, Mary G. Schwab, and Allen, McElwain, Dinning, Clarke and Ballantine for appellant.

Roy W. House, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an appeal from a judgment dismissing a petition for review of an order of the Kentucky Tax Commission which sustained assessments made by the Department of Revenue against the appellant of deficiencies in income taxes for the years 1936, 1937, and 1938.

The sole question presented by this appeal is whether the assessments in question are invalid because not made within the three year period of limitation prescribed by Section 141.210, KRS. It is conceded that the assessments were not made within that period but contended that since the returns filed by appellant for the years in question were incomplete the limitation does not apply. The taxpayer maintains that its returns for the years involved were complete although they were incorrect.

The statute controlling the decision of this case is 141.210, KRS, which reads as follows: "(1) As soon as practicable after each return is received, the Department of Revenue shall examine and audit it. If the amount of tax computed by the department is greater than the amount returned by the taxpayer, the excess shall be

assessed by the department within three years from the date the return was originally due or filed, except that in the case of failure to file a return or of a fraudulent or incomplete return the excess may be assessed at any time. A notice of such assessment shall be mailed to the taxpayer.''

The taxpayer, during all the years in question, operated a distillery in Harrison County, maintaining its own bonded warehouses. Some of its whiskey sold to others was stored in the warehouses for the customers at a specified rate per barrel per year. The income derived from these storage charges was carried on the taxpayer's books as ''storage income.'' It regularly used the accrual method of accounting in keeping its books except that the item listed as ''storage income'' was regularly recorded on its books on a cash basis. This item of income was reported for taxation purposes only in the years in which it was actually received, although accruals on this account greatly exceeded the actual amounts paid during the years in question.

In filing its corporate income tax returns for the years involved, the regular forms for reporting income were used. The form includes the question under title ''Basis of tax: (3) Is this return made on the basis of cash receipts and disbursements?'' Taxpayer answered this question, ''No.'' The question continues as follows: ''If not, describe fully what other basis or method was used in computing net income?'' To this the taxpayer said: ''Accrual basis.''

With the exception of the item of income designated ''storage income'' the returns were actually made on the accrual basis, but this one item was actually reported on a cash basis just as the account was carried on taxpayer's books.

Similar returns on the same basis were filed for the same years with the Federal Bureau of Internal Revenue, and subsequent to the filing of the Federal returns, agents of the Collector of Internal Revenue conceived that the report of the item ''storage income'' on a cash basis was erroneous and made a deficiency assessment against the taxpayer. This action resulted in litigation which was finally determined adversely to the taxpayer. See Old Lewis Hunter Distillery Co. v. Commissioner of Internal Revenue, 6 Cir., 126 F. 2d 472.

The Department of Revenue discovered that this method of reporting income was being questioned by the Federal Bureau when the case appeared on the docket of the Board of Tax Appeals at Louisville. It then requested that it be informed as to the final outcome of the litigation. Being of the opinion that the report of "storage income" on a cash basis instead of on an accrual basis constituted an incomplete return (thus making the three year period of limitation inapplicable) additional assessments were delayed until after the final determination of the controversy by the Federal Courts.

Section 131.130, KRS, vests the following powers and duties in the Department of Revenue: "(1) The department may make rules and regulations, and direct proceedings and actions, for the administration and enforcement of all tax laws of this state."

Pursuant to this authority the Department of Revenue promulgated Kentucky Income Tax Regulations (Article 26-2) interpreting the word "incomplete" in the following manner: "Incomplete and Fraudulent Returns.—A return will be deemed incomplete for purposes of this article when full disclosure is not made therein as to transactions which might affect income, even though the taxpayer takes the view that no income may have resulted from such transactions. Omission or understatement of items of income in material amounts, through accident or design, will be deemed incomplete or fraudulent for purposes of this article. The suspension of the period of limitations in the case of incomplete or fraudulent returns shall not be limited to the omitted or fraudulent items applicable thereto, but shall extend to the entire return including all transactions of the taxpayer for the period."

This Court has not had occasion to pass upon the question under consideration, and there is no precedent in Kentucky which may be used as a guide to the correct determination of it. Funk & Wagnalls' New Standard Dictionary defines "incomplete" as follows: "Not complete; lacking some element, part, or adjunct necessary or required for completeness; not fully developed or completed; defective; imperfect."

Words used in a statute must be given their ordinary meaning unless a different intent is set forth in the

statute defining the words used. Under the definition of "incomplete," referred to above, it is apparent that the returns, which reported less than one-third of the actual income from this particular source, fall within the exception contained in 141.210, KRS. If there were any doubt about it we think it is dispelled by the regulation promulgated by the Department of Revenue pursuant to statutory authority which expressly provides that an omission or understatement of items of income in material amounts, either through accident or design, will make the return incomplete.

Having determined that the returns for the years in question were incomplete within the meaning of Section 141.210, KRS, it follows that the three year period of limitation mentioned therein is not available to the taxpayer as a defense, and the judgment of the lower court is correct.

Affirmed.