## Archer et al. v. Commissioner Of Revenue Of Kentucky et al.

March 10, 1950.

W. B. Ardery, Judge.

Brown & Harris and William S. Love for appellants.

A. E. Funk, Attorney General, Hal O. Williams, Assistant Attorney General, and Maurine Sharp, Assistant Attorney General, for appellees.

CLAY, COMMISSIONER—Affirming.

This is an appeal from a judgment of the Franklin Circuit Court dismissing appellants' petition for review of an order of the Kentucky Tax Commission. By virtue of this order appellants were assessed $677.50 additional income taxes for the year 1942.

Appellants filed a joint return, itemized on the accrual basis, for the calendar year 1942. It is claimed by the Department of Revenue that appellant, Henry Archer, failed to account for $5,000 salary income which had accrued to him during that year.

Appellants are stockholders and officers of the Lupino Realty Company, a corporation. Edgar Archer is an architect and builder, and was employed to render professional services by this corporation. The corporation operates on a fiscal year basis ending July 31st. The following entry appears on its June 2, 1942 records: (our italics)

"Motion was made by Marguerite Archer, seconded by M. F. Mosier, that the *salaries for the coming year* beginning August 1, 1942, be as follows, *and said amount not to be credited until last of year*:

| | |
|---|---|
| Edgar W. Archer | $12,000.00 |
| Marguerite Archer | 5,000.00 |

"Said motion was carried by unanimous vote."

As specified in the resolution, Mr. Archer's salary of $12,000 was not credited to him until July 31, 1943.

It is the contention of the Department of Revenue that as of December 31, 1942, he had earned $5,000 of this annual salary for the five months of that year on the apportionable basis of $1,000 per month, and it should have been reported as accrued income.

Methods of accounting on the accrual basis raise many complex problems. An excellent analysis of this subject may be found in Law of Federal Income Taxation, Paul and Mertens, Volume 1, Sections 11.64 to 11.100. In considering income, it is generally accepted that the time of payment is not important, the essential consideration being the date of *the creation of an enforceable liability*. As stated in Section 11.69:

"The word 'accrued' does not signify that an item is due in the sense of being payable; the accrual system disregards dates of payment, making the right to receive and not actual receipt decisive."

The basic consideration in determining whether or not income has accrued depends upon whether or not all of the events creating the liability have occurred. In substance, had Mr. Archer *earned* compensation in 1942?

Appellants cite cases to the effect that the liability to the taxpayer must be unconditional and it must be acknowledged as due. They then argue that by the terms of the resolution we are considering, there was nothing unconditionally due Edgar Archer as of December 31, 1942. We think this contention overemphasizes the time of payment and fails to take into account the essential legal effect of the resolution.

This resolution fixed a specific annual salary. A salary is nothing more than a reward or recompense for services rendered, carrying with it a concept of continuity. While often put on an annual basis, it is generally apportionable and fixes a rate of earning. Mr. Archer's services were to be rendered throughout the year, and their total value was fixed at $12,000. It would be ridiculous to say that he earned the $12,000 on the last single day of the corporate fiscal year when the salary became payable.

As stated in Franklin County Distilling Co. v. Commissioner, 6 Cir., 125 F. 2d 800, at page 804: "Whether a taxpayer is entitled to or bound to accrue an item of

income in a certain year depends upon whether there was justification for a reasonable expectation that payment of the item would be made in due course. * * *''

As of December 31, 1942, Mr. Archer had been employed for five months and had rendered services for the corporation during that period. He had presumably performed five-twelfths of his work. While he was not to be paid then, all of the events creating his right and the corporation's liability had occurred. He argues that as of that time he was only entitled to pay on a *quantum meruit* basis. Such is not the case since the value of his services had been fixed in dollars, and his proportionate earnings were easily computable for any given period. Under the Department of Revenue regulation, Art. 140-4, it is true that if the compensation is not to be determined until the completion of the services, the income would not accrue until the year of such determination. However, that is not this case.

Since the resolution established a specific salary, and services were rendered in accordance therewith, an enforceable obligation was created; and as of December 31, 1942, Mr. Archer's right to receive a proportionate part of the fixed compensation had matured. Therefore, this income, though to be paid later, had accrued to his account as of that date.

Appellant pleaded the Statute of Limitations, but its inapplicability was determined on similar facts in Old Lewis Hunter Distillery Co. v. Kentucky Tax Commission et al., 302 Ky. 68, 193 S. W. 2d 464.

For the reasons stated, the judgment is affirmed.