**Kris WAHLKE, Appellant**

v.

**Kristen PIERCE (now Corrigan), Appellee.**

No. 2012–CA–000022–ME.

Court of Appeals of Kentucky.

Feb. 8, 2013.

---

Michael W. Bouldin, Covington, KY, for Appellant.

Mark A. Ogle, Fort Mitchell, KY, for Appellee.

Before NICKELL, TAYLOR, and VANMETER, Judges.

## OPINION

TAYLOR, Judge:

Kris Wahlke brings this appeal from October 8, 2010, October 11, 2010, March 17, 2011, and December 2, 2011, orders of the Campbell Circuit Court, Family Court Division, granting a motion filed by Kristen Pierce Corrigan to relocate with the parties' minor child to Texas and denying a motion filed by Kris to dismiss Kristen's motion due to lack of jurisdiction. We reverse and remand.

Kris and Kristen were married on October 14, 2000. One child was born of the parties' marriage on September 25, 2006. On June 11, 2008, Kristen filed a Petition for Dissolution of Marriage in the Campbell Circuit Court, Family Court Division (family court). When the petition was filed, Kris, Kristen, and the child lived in Campbell County, Kentucky. Sometime after the petition for dissolution was filed, Kris and Kristen separately moved to Ohio, and the child moved with Kristen. The record is unclear regarding the exact date that each party moved, but it is clear that neither the child nor the parents were residing in Kentucky at the time the decree of dissolution of marriage was entered on November 24, 2009. In the decree of dissolution, Kristen was granted sole custody of the parties' child, and Kris was awarded visitation and ordered to pay child support.

During the next several months, the parties continued to litigate post-decree issues related to child support, visitation, and attorney's fees in the family court. Relevant herein, on June 18, 2010, Kristen filed a motion to relocate and notified the family court that she wished to move with the child to Abilene, Texas. Kristen also filed a motion to modify visitation to accommodate the distance between the parties.[1] In response, Kris argued that the relocation to Texas would not be in the best interests of the child.

By orders entered October 8, 2010, and October 11, 2010, the family court granted Kristen's motion to relocate with the child and amended the visitation schedule for Kris. Kris then filed a Motion to Reconsider and Motion to Dismiss for Lack of Jurisdiction. In the motion to dismiss, Kris argued for the first time that the family court lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) to modify custody or visitation. The family court denied Kris's motion to dismiss by order entered March 17, 2011, and determined that it retained subject matter jurisdiction under Kentucky Revised Statutes (KRS) 403.824(1)(a) of the UCCJEA. The family court specifically stated:

Under the standards set forth in KRS 403.824(1)(a), the Campbell Family Court should keep jurisdiction of this matter, at least for the time being. The relocation motion was filed seven (7) months after the Decree of Dissolution was entered. There was an extensive custody evaluation done in Kentucky. A Guardian Ad Litem was appointed and made a report with such in Kentucky. There were other proceedings involving child support, visitation and daycare expenses which were decided post divorce in Kentucky.

Consequently, because of the minimal amount of time that lapsed since the Decree of Dissolution and motion to relocate there is still substantial evidence available in this state concerning the child's care, protection, training and personal relationships. Consequently, in addition to the fact that Respondent waived objections to jurisdiction pursuant to the above authority, it is this Court's finding that under KRS 403.824, the Family Court in Campbell County should still exercise exclusive continuing jurisdiction over this matter.

---

1. Where a party has been awarded sole custody of a child, we refer to the time spent with the non-custodial parent as visitation rather than time-sharing. *Anderson v. Johnson,* 350 S.W.3d 453 (Ky.2011). And, if the custodial parent wishes to relocate, she may merely seek to modify the parties' visitation schedule. *Pennington v. Marcum,* 266 S.W.3d 759 (Ky. 2008).

The family court concluded that a "significant connection" existed under KRS 403.824(1)(a) to justify its exercise of exclusive, continuing jurisdiction. Subsequently, the family court also denied Kris's motion to reconsider by order entered December 2, 2011. This appeal follows.

Kris contends that the family court lacked subject matter jurisdiction to modify the original child custody determination[2] under the UCCJEA. Specifically, Kris argues that the family court was without exclusive, continuing jurisdiction as he, Kristen, and the child no longer resided in Kentucky. Thus, Kris maintains that the October 8, 2010, and October 11, 2010, orders granting Kristen's motion to relocate with the child are void.

In this Commonwealth, our General Assembly has adopted the UCCJEA. The UCCJEA is codified in KRS 403.800–403.880 and governs disputes concerning this state's jurisdiction to decide child custody and visitation matters. Under our enactment of the UCCJEA, KRS 403.822 controls a court's jurisdiction to initially make a custody determination, and KRS 403.824 controls such court's exclusive, continuing jurisdiction to modify that determination. In other words, KRS 403.824 deals with a court's jurisdiction to modify a child custody determination and only comes into play after a court has previously acquired jurisdiction to make a child custody determination under KRS 403.822. Consequently, it is said that KRS 403.824 governs a court's exclusive, continuing jurisdiction to modify a child custody determination.

■ Under KRS 403.824(1), a family court retains exclusive, continuing jurisdiction over a child custody matter until:

(a) A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(b) A court of this state or a court of another state determines that the child, the child's parents, and any other person acting as a parent do not presently reside in this state.

And, jurisdiction under the UCCJEA "attaches at the commencement of a proceeding." Uniform Child Custody Jurisdiction & Enforcement Act § 202 cmt. (1997). So, a family court's jurisdiction to modify custody is determined at the time the motion to modify is filed.

■ In this appeal, resolution of the jurisdictional issue presented by Kris revolves around a proper interpretation of KRS 403.824(1). The family court held that it possessed exclusive, continuing jurisdiction under KRS 403.824(1)(a). In particular, the family court concluded that a "significant connection" between this Commonwealth and the parties existed, thus justifying its continued jurisdiction per KRS 403.824(1)(a). Having reviewed KRS 403.824, we are of the opinion that the family court misinterpreted KRS 403.824(1) and that the court no longer possessed exclusive, continuing jurisdiction to rule on Kristen's motion to modify. Our legal analysis that supports this conclusion follows.

It is well-settled that the interpretation of a statute presents an issue of law for the court, and our review proceeds *de*

**2.** Under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), a child custody determination is defined as including a proceeding adjudicating visitation as to a minor child. Kentucky Revised Statutes (KRS) 403.800(3).

*novo. City of Worthington Hills v. Worthington Fire Prot. Dist.,* 140 S.W.3d 584 (Ky.App.2004). When interpreting a statute, the intent of the legislature is paramount and controls. And, words are afforded their ordinary meaning unless a contrary intent is apparent. *Old Lewis Hunter Distillery Co. v. Ky. Tax Comm'n,* 302 Ky. 68, 193 S.W.2d 464 (1945).

■ Under KRS 403.824(1), a family court generally possesses exclusive, continuing jurisdiction over a child custody matter until either: (a) such court concludes that neither the child nor a parent has a significant connection with the state and substantial evidence is lacking in that state as to the child's care, protection, training, and personal relationships, or (b) such court or another state's court determines that neither the child nor the child's parents reside in that state. If either (a) or (b) of KRS 403.824(1) is determined to exist, the court loses exclusive, continuing jurisdiction and may not further adjudicate the child custody matter. Succinctly stated, a family court's jurisdiction is exclusive and continuing until one of two circumstances are determined by a court to have occurred—neither the child nor a parent of the child has a significant connection with the state and substantial evidence regarding the child is lacking *or* neither the child nor the parents of the child reside in that state.

We are buttressed in our interpretation of KRS 403.824 by the official comment to the model Uniform Child Custody Jurisdiction and Enforcement Act of 1997 (model act). Under the model act, § 202 is the identical counterpart to KRS 403.824, and the relevant comment of § 202 provides:

1. If a parent or a person acting as a parent remains in the original decree State, continuing jurisdiction is lost when neither the child, the child and a parent, nor the child and a person acting as a parent continue to have a significant connection with the original decree State and there is no longer substantial evidence concerning the child's care, protection, training and personal relations in that State. In other words, even if the child has acquired a new home State, the original decree State retains exclusive, continuing jurisdiction, so long as the general requisites of the "substantial connection" jurisdiction provisions of Section 201 are met....

. . . .

2. Continuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer reside in the original decree State.... It is the intention of this Act that paragraph (a)(2) of this section means that the named persons no longer continue to actually live within the State. Thus, unless a modification proceeding has been commenced, when the child, the parents, and all persons acting as parents physically leave the State to live elsewhere, the exclusive, continuing jurisdiction ceases.

Uniform Child Custody Jurisdiction & Enforcement Act § 202 cmt. (1997).

In the case *sub judice,* the family court determined that it retained exclusive, continuing jurisdiction under KRS 403.824(1)(a). Specifically, the family court concluded that a "significant connection" between this Commonwealth and the parties existed, thus justifying its exclusive, continuing jurisdiction pursuant to KRS 403.824(1)(a). Hence, the family court essentially interpreted KRS 403.824(1)(a) as granting it jurisdiction if a significant connection existed and if certain evidence was available in this Commonwealth. This is where we believe the family court has misinterpreted KRS 403.824(1).

As hereinbefore pointed out, under KRS 403.824(1), a court only retains exclusive and continuing jurisdiction until a court determines that either (a) the parties do not have a significant connection with the state and substantial evidence as to the child's care, protection, training, and relationships is no longer available *or* (b) the parents and the child no longer reside in the state. Notably, the family court determined that neither the parents (Kris or Kristen) nor the child resided in Kentucky at the time Kristen filed the motion to modify visitation. Upon such determination by the family court, KRS 403.824(1)(b) was triggered, and the family court no longer retained exclusive, continuing jurisdiction over this matter. Simply stated, the relocation of both parents and the child out of this Commonwealth before commencement of the modification proceeding divested the family court of exclusive, continuing jurisdiction by operation of KRS 403.824(1)(b).

 Accordingly, we hold that the family court's interpretation of KRS 403.824(1) was in error. As the family court determined that neither the parents nor child resided in Kentucky at the filing of the motion to modify visitation, we conclude that the family court no longer possessed exclusive, continuing jurisdiction per KRS 403.824(1)(b) to adjudicate custody issues.[3] Rather, the family court was divested of subject matter jurisdiction un-

der the UCCJEA to modify child custody and visitation issues, thus rendering its orders modifying visitation of the parties' minor child void.[4]

For the foregoing reasons, the orders of the Campbell Circuit Court, Family Court Division, are reversed and remanded for proceedings consistent with this opinion.

ALL CONCUR.

---

**3.** For sake of clarity, we also note that the family court would not possess subject matter jurisdiction under KRS 403.824(2). Under subsection (2) of KRS 403.824, a court may modify a child custody determination only if it possesses jurisdiction to make an initial custody determination pursuant to KRS 403.822. Clearly, the family court would not have jurisdiction to make an initial custody determination under KRS 403.822 as Kentucky is not the home state of the child and neither parent continues to live in Kentucky.

**4.** The UCCJEA governs subject matter jurisdiction over child custody proceedings between states. *Cann v. Howard*, 850 S.W.2d 57 (Ky.App.1993); *Dillard v. Dillard*, 859 S.W.2d 134 (Ky.App.1993). It is well-established that subject matter jurisdiction cannot be conferred by principles of waiver or of estoppel. *Cann*, 850 S.W.2d 57. A defect in jurisdiction under the UCCJEA may be raised at any time. Thus, Kris's failure to raise the jurisdictional issue under the UCCJEA earlier in the proceedings does not operate as a waiver or as an estoppel.