CLAYTON, JUDGE:
The Commonwealth of Kentucky brings this appeal from a Daviess Circuit Court order granting Ricky William Ford's motion to expunge his felony convictions. The Commonwealth argues that the expungement was erroneously granted because Ford's convictions arose from multiple incidents, whereas the expungement statute, Kentucky Revised Statutes (KRS) 431.073, only permits expungements of convictions arising from a single incident.
In 1974, a Daviess County grand jury returned an indictment charging Ford with *580 four counts of uttering a forged check under Kentucky Revised Statutes (KRS) 434.130 (now KRS 516.030 and KRS 516.060 ).
Count 1: That on or about the 10th day of January, 1974, in Daviess County, Kentucky, the above named defendant uttered a $100.00 check to First Home Federal Savings and Loan Association drawn on the Citizens State Bank, Owensboro, Kentucky, and bearing the forged signature of R.F. Stainback ...
Count 2: That on or about the 15th day of January, 1974, in Daviess County, Kentucky, the above named defendant uttered a $150.00 check to First Home Federal Savings and Loan Association drawn on the Citizens State Bank, Owensboro, Kentucky, and bearing the forged signature of R.F. Stainback ...
Count 3: That on or about the 17th day of January, 1974, in Daviess County, Kentucky, the above named defendant uttered a $50.00 check to Citizens State Bank drawn on the Citizens State Bank, Owensboro, Kentucky, and bearing the forged signature of R.F. Stainback ...
Count 4: That on or about the 19th day of January, 1974, in Daviess County, Kentucky, the above named defendant uttered a $50.00 check to Leet's Grocery drawn on the Citizens State Bank, Owensboro, Kentucky, and bearing the forged signature of R.F. Stainback ...
On May 13, 1974, Ford pleaded guilty to all four counts and received a sentence of two years on each of the four counts with Counts 1 and 2 to be served consecutively and Counts 3 and 4 to be served concurrently with Counts 1 and 2, for a total sentence of four years. Ford was granted shock probation for the remainder of his sentence two months later. In 1993, the governor restored Ford's civil rights.
In August 2016, Ford filed a motion seeking to expunge the charges. The Commonwealth opposed the motion contending that the charges were not eligible for expungement because they did not arise from a single incident as required by the statute. The circuit court heard arguments on the matter and granted the motion. This appeal by the Commonwealth followed.
The expungement statute, KRS 431.073, provides in pertinent part as follows:
Any person who has been convicted of a Class D felony violation of KRS 17.175, 186.990, 194A.505, 194B.505, 217.181, 217.207, 217.208, 218A.140, 218A.1415, 218A.1416, 218A.1417, 218A.1418, 218A.1423, 218A.1439, 218A.282, 218A.284, 218A.286, 218A.320, 218A.322, 218A.324, 244.165, 286.11-057, 304.47-025, 324.990, 365.241, 434.155, 434.675, 434.850, 434.872, 511.040, 512.020, 514.030, 514.040, 514.050, 514.060, 514.065, 514.070, 514.080, 514.090, 514.100, 514.110, 514.120, 514.140, 514.150, 514.160, 516.030, 516.060, 516.090, 516.108, 517.120, 518.040, 522.040, 524.100, 525.113, 526.020, 526.030, 528.020, 528.040, 528.050, 530.010, or 530.050, or a series of Class D felony violations of one (1) or more statutes enumerated in this section arising from a single incident , or who has been granted a full pardon, may file with the court in which he or she was convicted an application to have the judgment vacated. The application shall be filed as a motion in the original criminal case. The person shall be informed of the right at the time of adjudication.
KRS 431.073(1) (emphasis added).
The statute under which Ford was charged, KRS 434.130, was repealed in 1975 and replaced with KRS 516.030 (Forgery in the Second Degree) and KRS 516.060 (Criminal Possession of a Forged Instrument in the Second Degree). These statutes are both included in the list of *581 felonies eligible for expungement. The Commonwealth does not dispute that the forgery charges are included in the list of eligible offenses, but argues that the convictions may not be expunged because they did not arise from a "single incident."
The interpretation of a statute is a matter of law and consequently is reviewed de novo. Bob Hook Chevrolet Isuzu, Inc. v. Com. Transp. Cabinet , 983 S.W.2d 488, 490 (Ky. 1998). "[T]he cardinal rule of statutory construction is that the intention of the legislature should be ascertained and given effect." MPM Fin. Grp., Inc. v. Morton , 289 S.W.3d 193, 197 (Ky. 2009) (internal citations omitted). In interpreting a statute, "[w]e have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." Cosby v. Commonwealth, 147 S.W.3d 56, 59 (Ky. 2004) (quoting Bailey v. Reeves, 662 S.W.2d 832, 834 (Ky. 1984) ). "[T]he plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source." Revenue Cabinet v. O'Daniel , 153 S.W.3d 815, 819 (Ky. 2005) (internal citations and quotation marks omitted).
The term "single incident" is not defined for purposes of KRS 431.073(1). "Incident" is defined in Black's Law Dictionary as "A discrete occurrence or happening; an event, esp. one that is unusual, important, or violent[.]" Black's Law Dictionary (10th ed. 2014).
Each count of the indictment involved Ford forging the signature of the same individual, R.F. Stainback, and the checks were all drawn on Stainback's account at the Citizens State Bank. The cashing of each forged check occurred on a different date (January 10, 15, 17 and 19), at least two days apart, and the forged checks were cashed at three different locations (First Home Federal Savings and Loan Association, Citizens State Bank, and Leet's Grocery).
Ford argues that the Commonwealth's decision to group the four charges in one indictment complies with the requirement of a "single incident," citing Kentucky Rules of Criminal Procedure (RCr) 6.18 which permits multiple charges in one indictment "if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan."
The language of RCr 6.18 is far broader than that of KRS 431.073(1), contemplating joinder of offenses of the same or similar character, connected acts or transactions, or parts of a common scheme or plan. The expungement statute, by contrast, speaks only of a "single incident." The fact that Ford's charges were grouped in a single indictment does not mean they arose from a single incident. Passing bad checks on four different days at three different institutions over a ten-day period simply does not constitute a "single incident."
Ford contends that the circuit court acted well within its discretion in granting his motion, and that the statute should be liberally construed to promote the intent of the legislature to facilitate expungements. "[W]here the language of a statute is clear and unambiguous on its face, we are not free to construe it otherwise even though such construction might be more in keeping with the statute's apparent purpose." MPM Fin. Grp., Inc. , 289 S.W.3d at 197.
The order of the Daviess Circuit Court is reversed, and the case is remanded for entry of an order consistent with this opinion.
ALL CONCUR.