RENDERED:  AUGUST 4, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1250-MR

JAMIE ALAN DAY                                                        APPELLANT

APPEAL FROM MCCRACKEN FAMILY COURT
v.      HONORABLE BRANDI H. ROGERS, SPECIAL JUDGE
ACTION NO. 15-CI-00018

ANGELA FIORITA DAY                                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, ECKERLE, AND GOODWINE, JUDGES.

CETRULO, JUDGE:  This is an appeal from an order of the McCracken Family

Court declining to exercise jurisdiction and rule upon a motion to modify

timesharing, on the grounds that both parties and the child now reside in Florida.

## FACTUAL AND PROCEDURAL BACKGROUND

Husband/father ("Jamie") and wife/mother ("Angela") were married

in Paducah, Kentucky, but lived for a time in Hollywood, California, where their

minor child T.A.D. ("Child") was born in 2014. During that same year, Angela moved with the Child to Paducah and filed for divorce. Within months of Angela's move, Jamie also purchased a home in Paducah, and the parties entered into a separation agreement providing for joint custody and a timesharing plan. The agreement recognized that Angela would be the primary residential parent, as Jamie was still traveling back and forth to California where his employer was located. The separation agreement, incorporated into the decree, further indicated that Angela would be moving back to California and would give at least 30 days' notice of the move. However, Angela did not move back to California, and Jamie continued to commute between the two states, spending six to seven days each month in Paducah with Child.

In 2018, Jamie filed the first motion to modify the timesharing arrangement, seeking to obtain more time with Child. Angela responded with a motion for sole custody, and both parties identified witnesses and prepared for a hearing in McCracken County. That hearing did not occur as the parties entered into an agreed order following mediation, making further modifications to the parenting time provisions since Jamie had continued to maintain a residence in California and Angela had never moved.

In 2020, Angela filed a notice of relocation with the McCracken Family Court, stating that she now intended to move to Florida with Child. In

response, Jamie filed a motion to modify the timesharing schedule and objected to the planned move of their son to Florida. Again, a hearing was set but cancelled when the parties entered into another agreed order in which Jamie agreed not to contest the move of the Child to Florida, in consideration of certain modifications to the prior timesharing orders. Of particular note, this agreed order included a forum selection clause which stated in its entirety:

> 3. The parties agree that the McCracken Family Court will retain jurisdiction of this matter, and all future modifications of this agreement will be through the McCracken Family Court.

This agreed order, signed by all parties and counsel, was tendered to the family court. On the record, the family court confirmed that it was the knowing and voluntary agreement of the parties. The family court found it was in the best interest of the Child that the agreed order be entered. The order was then signed by the family court judge. Interestingly, the agreed order specifically stated that Jamie was attempting to sell the house in Paducah at that time and, of course, Angela and the Child were relocating to Florida. The record reflects that Jamie's house was indeed sold shortly thereafter, and Jamie again relocated to be near Child, now in Florida.

The record is then silent for two years until Jamie filed another motion for modification in McCracken Family Court seeking equal timesharing with Child. Therein, he affirmed that he had again moved to be near Child in Florida;

-3-

that he was no longer required to travel to California as often; that he was very involved in Child's life; and that Child desired to have more time with him. Of course, at this point, both parents and Child had all been living in Florida for two years.

In response, Angela moved to dismiss the action in Kentucky, arguing that the family court no longer had jurisdiction under Kentucky Revised Statute ("KRS") 403.824, Kentucky's codified version of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). The family court agreed and declined to rule on the motion, thereby resulting in this appeal.

## STANDARD OF REVIEW

The sole issue presented on appeal is whether the McCracken Family Court had jurisdiction to modify timesharing pursuant to the prior agreed order of the parties who had since moved out of Kentucky. Connected to that issue is the question of whether the parties can be bound by a forum selection provision that had been entered into and adopted by the court as part of an agreed order.

"Whether a Kentucky court has jurisdiction under the UCCJEA is a question of law that [this Court] review[s] *de novo*." *Ball v. McGowan*, 497 S.W.3d 245, 249 (Ky. App. 2016) (citing *Addison v. Addison*, 463 S.W.3d 755, 764 (Ky. 2015)); *see also Biggs v. Biggs*, 301 S.W.3d 32, 33 (Ky. App. 2009) (citing *Grange Mut. Ins. Co. v. Trude*, 151 S.W.3d 803, 810 (Ky. 2004)).

In its ruling, the family court stated in pertinent part, that "a clause agreeing to forum selection is not binding on the Court[,]" and that jurisdiction under the UCCJEA is "in the nature of general subject matter jurisdiction.  It cannot be created by agreement, is not subject to waiver, and, if absent, renders the underlying judgment void."  Thus, the family court concluded that the parties' forum selection agreement could not be enforced, even though it had also signed off on that agreed order.

## ANALYSIS

We affirm the denial of relief sought by Jamie in this instance, although for slightly different reasons.  The family court was correct that initial jurisdiction under the UCCJEA is generally in the nature of subject matter jurisdiction.  However, our Supreme Court has clarified that this is in regard to an initial custody ruling.  *Lawson v. Woeste*, 603 S.W.3d 266, 274 (Ky. 2020).  Once the family court has made an initial custody (or in this case a timesharing) determination, it retains exclusive, continuing jurisdiction over the matter unless it is deprived of the same by the provisions of the UCCJEA.  *Id.*

As our Supreme Court explained in *Lawson*, "the exclusive, continuing jurisdiction determination required by KRS 403.824" is actually one of *particular* case jurisdiction.  *Id.*  In *Lawson*, a Kentucky family court had made numerous rulings concerning rights of two parties who had divorced elsewhere but

had registered the separation and custody agreement in Kentucky. *Id.* The mother, who was the primary residential parent, then filed a motion with the Kentucky court to relocate to Mississippi. *Id.* at 268. That motion was granted, which left only the father residing in Kentucky, with visitation/parenting time. *Id.*

Subsequently, the father, during one such visit, filed a motion in Kentucky to modify the timesharing and allow him to serve as primary residential parent, which the trial court granted. *Id.* at 269. The mother objected, arguing under KRS 403.824(1)(a) that the Kentucky court had lost jurisdiction because the court previously allowed the children to relocate to Mississippi. *Id.* In *Lawson*, the Supreme Court explained the difference between subject matter jurisdiction and *particular* case jurisdiction, stating that challenges to a court's judgment once it has acquired subject matter jurisdiction "are questions incident to the exercise of jurisdiction rather than to the existence of jurisdiction." *Id.* at 276 (internal quotation marks, emphasis, and citation omitted). As the *Lawson* Court stated, "[r]egardless of whether the trial court correctly applied the exclusive, continuing jurisdiction standard set forth in KRS 403.824(1)(a) it had the subject-matter jurisdiction to make that determination and, in fact, was the *only court* with authority to make that determination." *Id.*

-6-

Jamie points to *Lawson* for his contention that the family court did have continuing jurisdiction, particularly since no court in Florida had accepted the case. We agree. As *Lawson* held,

> a court that has had and exercised subject-matter jurisdiction in a child custody matter is deciding whether it should continue to exercise jurisdiction or whether it should "decline jurisdiction" over the case due to a change in circumstances. This determination is manifestly one of particular-case jurisdiction.

*Id*. at 274. However, *Lawson* further held that "when one or more parties move out of Kentucky, the court must still decide whether it should continue to *exercise* jurisdiction over that particular case, a determination that it alone can make under KRS 403.824." *Id.* at 275 (emphasis added).

That statute provides that the court that made the initial custody determination retains jurisdiction *until one of two things occurs*:

> (a) A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
>
> (b) A court of this state or a court of another state determines that the child, the child's parents, and any other person acting as a parent do not presently reside in this state.

KRS 403.824(1).

The family court concluded that under section (b) of the statute, its continuing jurisdiction to modify prior rulings had ceased as both the parents and Child no longer resided in Kentucky.

In *Roper v. Roper*, 594 S.W.3d 211, 225 (Ky. App. 2019), *as modified* (Jan. 17, 2020) (citing *Wahlke v. Pierce*, 392 S.W.3d 426, 430 (Ky. App. 2013)) this Court held that "[a] trial court's jurisdiction to modify custody and parenting time continues until it determines that the conditions described by *either* (a) or (b) of KRS 403.824(1) exist."

Similarly, in *Officer v. Blankenship*, 555 S.W.3d 449, 456-57 (Ky. App. 2018) (citing *Wahlke*, 392 S.W.3d at 431), this Court held that the family court was divested of authority to adjudicate custody issues once the parties had moved out of Kentucky. "As the family court determined that neither the parents nor child resided in Kentucky at the filing of the motion to modify visitation, we conclude that the family court no longer possessed exclusive, continuing jurisdiction per KRS 403.824(1)(b) to adjudicate custody issues." *Id.* at 457.

Jamie is correct in asserting that *Lawson* clarified Kentucky's approach to continuing jurisdiction under the UCCJEA, and that it referred to the family court's authority to modify custody decisions as *particular* case jurisdiction rather than subject matter jurisdiction, as outlined above. However, we disagree that *Lawson* requires the family court to retain jurisdiction over a matter where

both the parties and the child have resided out of state for over two years. Further, we note that *Lawson* concerned continuing jurisdiction under section (1)(a) where the court has to determine factually where the substantial evidence concerning the child exists. In contrast, under section (1)(b), the home state does appear to lose its authority over modification when a court finds that both parties and the child have left the state.

The family court here correctly concluded that it no longer had authority over these parties based upon the language of KRS 403.824(1)(b). While it may have used the incorrect description of that authority, in light of *Lawson*, it did not err in its conclusion. *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 496 (Ky. 2014) (citation omitted) ("If an appellate court is aware of a reason to affirm the lower court's decision, it must do so, even if on different grounds.").

Here, as in *Lawson*, there was no evidence that any party had sought to obtain jurisdiction in their new state of Florida. Undoubtedly, Jamie assumed he was required to file his motion to modify in McCracken County based upon the agreement of the parties. The family court did not proceed to determine whether

Kentucky was the appropriate or convenient forum under KRS 403.834, because it

had already concluded its jurisdiction was lost under KRS 403.824(1)(b).[1]

---

[1] Pursuant to KRS 403.834, a court may also decline to exercise its jurisdiction at any time if it determines "it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." KRS 403.834(1). Before determining whether it is an inconvenient forum, the court must consider whether it is appropriate for a court of another state to exercise jurisdiction. KRS 403.834(2). To that end, the court is required to consider "all relevant factors," including the following:

    (a) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

    (b) The length of time the child has resided outside this state;

    (c) The distance between the court in this state and the court in the state that would assume jurisdiction;

    (d) The relative financial circumstances of the parties;

    (e) Any agreement of the parties as to which state should assume jurisdiction;

    (f) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

    (g) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

    (h) The familiarity of the court of each state with the facts and issues in the pending litigation.

KRS 403.834(2).

       Declining jurisdiction due to the inconvenience of the forum would have also been specifically authorized by KRS 403.834 under these circumstances.

However, a court that has jurisdiction is not required to exercise its jurisdiction. The determination must be made based upon the factual circumstances as they existed at the time the request for modification was filed. The issue can be raised by the parties, by the court itself, or even upon request of a court of another state. If the court determines that the other state would be more suitable, it can stay the proceedings and direct the parties to initiate custody proceedings in the other state. While the court below may have still had authority to exercise its jurisdiction over this case, it did not err by declining to do so and we believe the result would have been the same.

Thus, we will only briefly address Jamie's claim that the forum selection agreement required the family court to exercise jurisdiction. Kentucky recognizes that parties to an agreement may agree to a forum selection clause if it is reasonable. *Prudential Res. Corp. v. Plunkett*, 583 S.W.2d 97, 99 (Ky. App. 1979). We agree that the purpose of the UCCJEA is "the avoidance of jurisdictional competition and conflict with other states in child custody matters." *Hearld v. Hearld*, 278 S.W.3d 162, 164 (Ky. App. 2009) (citation omitted).

However, it is equally clear that such an agreement cannot deprive a court of its discretion to accept or deny continuing jurisdiction under the UCCJEA. Jamie refers this Court to non-published opinions which indirectly refer to forum selection clauses or address agreements between parties ratified by the trial courts.

-11-

We have reviewed those and do not find them applicable. We also note that the vast majority of courts across the 49 states that adhere to the UCCJEA have not allowed such agreements to trump the UCCJEA itself as to do so would be antithetical to the purposes of the UCCJEA.[2] Rather, a forum selection clause is only one of the eight factors to be determined by a court when it proceeds under KRS 403.834 to determine if a particular venue is now inconvenient. Again, while this family court did not proceed under KRS 403.834, finding that its jurisdiction was limited by the provisions of KRS 403.824, the forum selection clause did not require the McCracken Family Court to address the motion.

**CONCLUSION**

Florida now appears to be the more convenient forum to consider the evidence and decide the best interests of the Child. The agreed order of the parties does not require the family court to retain authority over a case indefinitely. If either of the parties had returned to Kentucky with issues arising from that agreed order within months of the entry, the result would likely be different. However, two years have passed, and there was no argument presented below that the Commonwealth still had any significant contacts with this case. We conclude that

---

[2] *See*, *e.g.*, *A.D. v. M.A.B.*, 989 A.2d 32 (Pa. Super. Ct. 2010); *Friedman v. Eighth Jud. Dist. Ct. of State, ex rel. Cnty. Of Clark*, 264 P.3d 1161, 1167 (Nev. 2011) ("The UCCJEA gives forum selection agreements a role to play in child custody proceedings, but it is a supporting, not a lead, role."); *Horgan v. Romans*, 851 N.E.2d 209 (Ill. App. Ct. 2006).

the family court did not err in declining to exercise its jurisdiction and that the parties' agreement did not require such exercise of jurisdiction where the circumstances had so dramatically changed. To remand the matter for the family court to weigh the factors outlined in KRS 403.834 and/or stay the action and direct the parties to initiate proceedings in Florida would only further delay the matter for all concerned. Accordingly, we affirm the order of the McCracken Family Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Bradly A. Miller
Paducah, Kentucky

BRIEF FOR APPELLEE:

Robert B. Frazer
Marion, Kentucky