RENDERED: JANUARY 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0174-MR

ERIC LISLE FARWICK                                                              APPELLANT

v.
APPEAL FROM PULASKI CIRCUIT COURT
HONORABLE EDDY MONTGOMERY, JUDGE
ACTION NO. 89-CR-00178

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ECKERLE; AND A. JONES, JUDGES

ECKERLE, JUDGE: Appellant, Eric Lisle Farwick ("Farwick"), seeks review of

an order of the Pulaski Circuit Court denying his application for expungement of

his prior felony convictions and charges. We conclude that the recent amendment

to Kentucky Revised Statute ("KRS") 431.073 now permits the expungement of

certain multiple felony offenses, even if they did not arise from a single incident.

Since the Trial Court clearly erred in finding that the offenses were not eligible for

expungement, we reverse and remand for additional proceedings on the merits of Farwick's application.

On January 25, 1990, Farwick was convicted of 17 counts of Obtaining a Controlled Substance through Fraud. The offenses arose from Farwick's attempts to use fraudulent prescriptions at six different pharmacies between October 8, 1989, and November 27, 1989. All of the offenses are Class D felonies. KRS 218A.140(5).

Subsequently, in 1994, the then-Governor of Kentucky bestowed upon Farwick a restoration of rights. On February 19, 2019, Farwick filed an application to expunge his convictions and the charges (including a dismissed count). On May 23, 2019, the Trial Court denied the application, concluding that KRS 431.073 does not apply to multiple felonies that do not arise from a single incident.

On May 25, 2023, Farwick filed a second application to expunge the same charges. Farwick checked the box on the application stating that "the offenses are a series of eligible offenses listed in KRS 431.073(1)(a) which arose from a single incident." Three days later, the Trial Court denied his second application to expunge the convictions and charges on the same grounds as it denied his first application.

On November 9, 2023, Farwick filed his third, and current, application again seeking to expunge the convictions and charges. In this application, Farwick relied upon a recent amendment to KRS 431.073(1)(d), which, among other things, allows expungement of "multiple felony offenses eligible under this paragraph[.]" The Trial Court again denied the petition, concluding that the statute still requires that multiple felonies arise out of a single incident. This appeal followed. Additional facts will be set forth below as necessary.

The sole question on appeal concerns the Trial Court's interpretation of the current version of KRS 431.073. Since statutory interpretation is an issue of law, our review is *de novo*. *Jefferson Cnty. Bd. of Educ. v. Fell*, 391 S.W.3d 713, 718 (Ky. 2012). "When interpreting a statute, the intent of the legislature is paramount and controls[,]" and "words are afforded their ordinary meaning unless a contrary intent is apparent." *Wahlke v. Pierce*, 392 S.W.3d 426, 430 (Ky. App. 2013) (citing *Old Lewis Hunter Distillery Co. v. Ky. Tax Comm'n*, 302 Ky. 68, 193 S.W.2d 464 (1945)). *See also MPM Financial Group, Inc. v. Morton*, 289 S.W.3d 193, 197 (Ky. 2009).

The legislature has revised the expungement statute, KRS 431.073, several times since enactment in 2016. As originally enacted, subsection (1) provided that any person who has been convicted of a specified Class D felony or a

"series of Class D felony violations of one (1) or more statutes enumerated in this section arising from a single incident, . . . may file with the court in which he or she was convicted an application to have the judgment vacated." This Court interpreted the statute in *Commonwealth v. Ford*, 543 S.W.3d 579 (Ky App. 2018), where the petitioner sought to expunge convictions for four counts of uttering a forged check. This Court concluded that the offenses were not eligible for expungement, holding:

> The fact that Ford's charges were grouped in a single indictment does not mean they arose from a single incident. Passing bad checks on four different days at three different institutions over a ten-day period simply does not constitute a "single incident."

*Id.* at 581.

In 2023, the General Assembly amended KRS 431.073(1), which now provides as follows:

Any person who has been:

> (a) Convicted of a Class D felony violation of KRS 17.175, 186.990, 194A.505, 194B.505, 217.181, 217.207, 217.208, 218A.140, 218A.1415, 218A.1416, 218A.1417, 218A.1418, 218A.1423, 218A.1439, 218A.282, 218A.284, 218A.286, 218A.320, 218A.322, 218A.324, 218A.500, 244.165, 286.11-057, 304.47-025, 324.990, 365.241, 434.155, 434.675, 434.850, 434.872, 511.040, 512.020, 514.030, 514.040, 514.050, 514.060, 514.065, 514.070, 514.080, 514.090, 514.100, 514.110, 514.120, 514.140, 514.150, 514.160, 516.030,

516.060, 516.090, 516.108, 517.120, 518.040, 522.040, 524.100, 525.113, 526.020, 526.030, 528.020, 528.040, 528.050, 530.010, or 530.050;

(b) Convicted of a series of Class D felony violations of one (1) or more statutes enumerated in paragraph (a) of this subsection arising from a single incident;

(c) Granted a full pardon; or

(d) Convicted of a Class D felony, or an offense prior to January 1, 1975 which was punishable by not more than five (5) years' incarceration, which was not a violation of KRS 189A.010, 508.032, or 519.055, abuse of public office, a sex offense, or an offense committed against a child, and did not result in serious bodily injury or death; or of multiple felony offenses eligible under this paragraph;

may file with the court in which he or she was convicted an application to have the judgment vacated. The application shall be filed as a motion in the original criminal case. The person shall be informed of the right at the time of adjudication.

2023 Ky. Acts. Ch. 87, § 1 (eff. Jun. 29, 2023).

Although subsection (1)(b) still requires a showing of "a series of Class D felony violations . . . arising from a single incident[,]" Farwick notes that subsection (1)(d) now allows expungement of "multiple felony offenses eligible under this paragraph[.]" Thus, he argues that the plain language of the amended statute permits expungement of his multiple Class D felony convictions. And

because the General Assembly designated that the changes in the expungement statute were to be retroactive pursuant to KRS 431.073(12), he argues that the Trial Court clearly erred by concluding that his felony offenses were not eligible for expungement.

In response, the Commonwealth takes the position that Farwick's expungement claim is barred by the doctrine of *res judicata*. Farwick filed his second application for expungement on August 25, 2023. Even though the 2023 amendment to KRS 431.073(1)(d) was already in effect, Farwick did not raise it in that application. Rather, he only sought expungement based upon KRS 431.073(1)(b) – the ground on which his application had already been denied. The Commonwealth maintains that the principles behind *res judicata* required him to raise all possible grounds at that time, and as a result his subsequent application was barred.

The doctrine of *res judicata* provides that an existing final judgment rendered upon the merits is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. *Yeoman v. Commonwealth*, 983 S.W.2d 459, 464 (Ky. 1998). The purpose of the doctrine is to "preclude repetitious actions." *Miller v. Administrative Office of Courts*, 361 S.W.3d 867, 872 (Ky. 2011) (quoting *Harrod v. Irvine*, 283 S.W.3d 246, 250 (Ky.

-6-

App. 2009)). Thus, the doctrine applies to prohibit the relitigating of claims that were litigated or could have been litigated between the same parties in a prior action. *Id.* at 871.

However, *res judicata* is "an affirmative defense which operates to bar repetitious suits involving the same cause of action." *Yeoman*, 983 S.W.2d at 464. A party's failure to raise an affirmative defense in a timely manner constitutes a waiver of the defense. *Am. Founders Bank, Inc. v. Moden Invs., L.L.C.*, 432 S.W.3d 715, 722 (Ky. App. 2014). *See also* Kentucky Rule of Civil Procedure 8.03. In the absence of any showing that the Commonwealth raised this defense to the Trial Court, we must conclude that it has been waived.

The clear language of the amended version of the statute allows expungement of multiple Class D felonies, even those that do not arise from a single incident. Thus, the Trial Court clearly erred in concluding that they were not eligible for expungement. As a result, we must remand this matter for further consideration of Farwick's expungement application.

Of course, the Commonwealth may still raise objections to expungement of a conviction. KRS 431.073(4)(a). Furthermore, the Trial Court must determine "that circumstances warrant vacation and expungement and that the harm otherwise resulting to the applicant clearly outweighs the public interest in the criminal history record information being publicly available[.]" KRS

431.073(4)(c). The Trial Court has considerable discretion in weighing the statutory factors in granting or denying the expungement. *Walker v. Commonwealth*, 696 S.W.3d 51, 56-57 (Ky. App. 2024). Since factual findings are within the Trial Court's exclusive purview, we express no opinion on the merits of Farwick's application.

Accordingly, we reverse the order of the Pulaski Circuit Court because it erroneously found Farwick's crimes to be ineligible for expungement. As Farwick is legally eligible, we thus remand the case to the Trial Court for a determination on the merits of the application as to whether to grant or deny his motion for expungement.

ALL CONCUR.

BRIEF FOR APPELLANT:

Evan B. Smith
Prestonsburg, Kentucky

Seneka S. Land
Somerset, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky